1   Matthew A. Paré, Esq., State Bar No.: 258434
    **LAW OFFICE OF MATTHEW PARE**
    180 Otay Lakes Road, Suite 210A
2   Bonita, CA 91902
    Phone: (619) 475-6677
3   Fax: (619) 475-6296
    e-mail: mattparelawca@gmail.com
4

5

6

7

8

9                  **UNITED STATES DISTRICT COURT**

10                **SOUTHERN DISTRICT OF CALIFORNIA**

11  JOE HAND PROMOTIONS, INC.,            )   Case No.: 10CV0481BTMBLM
                    as Plaintiff,          )
12                                         )   **ANSWER OF DEFENDANTS TYRON**
    vs.                                    )   **SNOWDEN WOODS AND DOROTHY**
                                           )   **NARVAEZ WOODS, INDIVIDUALLY and**
13  TYRON SNOWDEN WOODS AND                )   **d/b/a FAR EAST ROCK; and FAR EAST**
    DOROTHY NARVAEZ WOODS A/K/A            )   **ROCK, INC.; AND THIRD-PARTY**
14  DOROTHY MAY NARVAEZ-WOODS,             )   **COMPLAINT AGAINST DIRECTV, INC.**
    INDIVIDUALLY and d/b/a FAR EAST        )
15  ROCK; and FAR EAST ROCK, INC., an      )   *[Pursuant to Federal Rules of Civil Procedure,*
    unknown business entity d/b/a FAR EAST )   *Rules 8(b), 12(a), and 14(a)]*
16  ROCK,                                  )
                    as Defendants.         )
17                  JURY TRIAL DEMANDED    )
                                           )
18  ─────────────────────────────────────  )
                                           )
19  TYRON SNOWDEN WOODS AND                )
    DOROTHY NARVAEZ WOODS,                 )
20  INDIVIDUALLY and d/b/a FAR EAST        )
    ROCK; and FAR EAST ROCK, INC.,         )
21                  as Third-Party Plaintiffs,  )
                    JURY TRIAL DEMANDED    )
22                                         )
    vs.                                    )
23                                         )
    DIRECTV, INC.                          )
24                  As Third-Party Defendant.  )
    ─────────────────────────────────────  )
25

26

27

28

*Answer and Third-Party Complaint*                                          1

1   COME NOW defendants TYRON SNOWDEN WOODS and DOROTHY NARVAEZ WOODS,

2   individually and d/b/a FAR EAST ROCK, and FAR EAST ROCK, INC. (collectively referred to

3   as "defendants" herein), appearing by counsel, and file this Answer and Defenses in response to the

4   Complaint of plaintiff JOE HAND PROMOTIONS, INC.

5       AND NOW, the defendants answer the Complaint, paragraph by paragraph, as follows:

6   1.   Admit.

7   2.   Admit.

8   3.   Admit that there is personal jurisdiction only.

9   4.   Admit that venue is proper.

10  5.   Admit that intradistrict assignment is proper.

11  6.   Defendants are without sufficient information to admit or deny.

12  7.   Admit.

13  8.   Admit.

14  9.   Admit.

15  10.  Deny.

16  11.  Defendants are without sufficient information to admit or deny.

17  12.  Defendants are without sufficient information to admit or deny.

18  13.  Defendants are without sufficient information to admit or deny.

19  14.  Deny.

20  15.  Deny.

21  16.  Defendants are without sufficient information to admit or deny.

22  17.  Deny.

23  18.  Deny.

24  19.  Deny.

25  20.  Deny.

26  21.  Deny.

27  22.  Deny.

1      23.    Deny.

2      24.    Deny.

3      25.    Deny.

4      26.    Deny.

5      27.    Deny.

6      28.    Deny.

7      29.    Deny.

8      30.    Defendants are without sufficient information to admit or deny.

9      31.    Defendants are without sufficient information to admit or deny.

10     32.    Deny.

11     33.    Deny.

12     34.    Deny.

13     35.    Deny.

14     36.    Deny.

15     37.    Deny.

16     38.    Deny.

17         In response to the paragraphs following paragraph 38, beginning with the words

18     "WHEREFORE, Plaintiff prays" the defendants deny plaintiff is entitled to the relief prayed for or

19     any relief whatsoever.

20         AND NOW, after having answered the Complaint, paragraph by paragraph, and having

21     denied all liability, the defendants further set forth the following affirmative defenses:

22                              **FIRST DEFENSE**

23         Plaintiff's claims are barred by the applicable statutes of limitations.

24                              **SECOND DEFENSE**

25         As a matter of fact and law, plaintiff has no claim against the defendants.

26                              **THIRD DEFENSE**

27         Defendants obtained what they believed was a proper license to display the subject

1    program.

2                       **FOURTH DEFENSE**

3        Defendants paid for the right to display the subject program.

4                       **FIFTH DEFENSE**

5        The Complaint as a whole, and each of the purported causes of action thereof fail to set

6    forth facts sufficient to constitute any Cause of Action against these answering defendants.

7                       **SIXTH DEFENSE**

8        These answering defendants allege that to the extent plaintiff seeks equitable relief,

9    plaintiff's conduct constitutes unclean hands and therefore bars the granting of relief to plaintiff

10   herein.

11                     **SEVENTH DEFENSE**

12        Answering defendants' conduct is not the actual or proximate cause of plaintiff's alleged

13   injuries.

14                     **EIGHTH DEFENSE**

15        Any alleged injury suffered by plaintiff was solely caused by the acts of others, and is the

16   result of causes that are independent of these answering defendants' alleged conduct.

17                     **NINTH DEFENSE**

18        These answering defendants allege that they have suffered damage by reason of plaintiff's

19   conduct; that they have the right of offset if any amount of money is owed to defendants or due

20   defendants by way of damage.

21                     **TENTH DEFENSE**

22        These answering defendants are informed and believe and on such information and belief

23   allege, that plaintiff was engaged in conduct that constitutes a waiver of plaintiff's rights.

24                     **ELEVENTH DEFENSE**

25        These answering defendants allege that the plaintiff herein and each and every purported

26   Cause of Action in the Complaint are barred because plaintiff has engaged in acts and courses of

27   conduct which rendered plaintiff in pari delicto.

1       **TWELFTH DEFENSE**

2       These answering defendants allege that the plaintiff herein, and each and every Cause of

3   Action contained in the Complaint, are barred by reason of acts, omissions, representations and

4   courses of conduct by plaintiff by which defendants were led to rely to their detriment, thereby

5   barring, under the doctrine of equitable estoppel, any Causes of Action asserted by the plaintiff.

6       **THIRTEENTH DEFENSE**

7       These answering defendants allege that the plaintiff's claims are barred by the provisions of

8   *California Civil Code §1624*, i.e., the Statute of Frauds.

9       **FOURTEENTH DEFENSE**

10      These answering defendants are informed and believe and thereon allege that plaintiff has

11  failed to mitigate and lessen damages, if any it sustained, as required by law, and are barred from

12  recovery by reason thereof against defendants.

13      **FIFTEENTH DEFENSE**

14      These answering defendants are informed and believe and thereon allege that the matters

15  complained of in the Complaint were proximately caused, in whole or in part, by the acts or

16  omissions of a third party or parties or plaintiff. Accordingly, the liability of the defendants and

17  responsible parties, named or unnamed, should be apportioned according to their respective

18  degrees of fault or other legal responsibility, and the liability, if any, of these answering defendants

19  should be reduced accordingly.

20      **SIXTEENTH DEFENSE**

21      The defendants need investigation and discovery to determine the extent of the defenses

22  and the extent of their affirmative claims, if any, and defendants hereby reserve all defenses to be

23  set forth in amended pleadings, and all claims to be set forth in amended pleadings, pending

24  investigation and discovery.

25      **SEVENTEENTH DEFENSE**

26      The defendants were not aware and had no reason to believe that their acts constituted any

27  violation of law, including but not limited to *47 U.S.C. §553* and *47 U.S.C. §605*.

*Answer and Third-Party Complaint*                                                                 5

1

**THIRD-PARTY COMPLAINT**

2    Pursuant to *Federal Rules of Civil Procedure, Rule 14(a)*, Defendants/Third-Party

3  Plaintiffs TYRON SNOWDEN WOODS and DOROTHY NARVAEZ WOODS, individually and

4  d/b/a FAR EAST ROCK, and FAR EAST ROCK, INC. (collectively referred to as

5  "Defendants/Third-Party Plaintiffs" herein), by counsel, submit this Third-Party Complaint against

6  Third-Party Defendant DIRECTV, INC., and in support thereof show unto this Honorable Court

7  the following:

8                                      **Parties**

9    1.    TYRON SNOWDEN WOODS is an individual residing within the venue of this

10  court.  DOROTHY NARVAEZ WOODS is also an individual residing within the venue of this

11  court.  Collectively, they are the owners and operators of the business entity FAR EAST ROCK,

12  INC.  Each reference herein throughout to Defendants/Third-Party Plaintiffs or any one of them

13  individually includes collectively all of these parties.

14    2.    FAR EAST ROCK, INC. is a California corporation formed and doing business

15  within the venue of this court.  It is doing business as FAR EAST ROCK.

16    3.    DIRECTV, INC. is a California corporation formed and doing business within the

17  venue of this court.

18                             **Jurisdiction and Venue**

19    4.    This Court has personal jurisdiction over all of the parties involved in this action

20  due to the contacts that the parties have with the forum state of California.  The court has subject

21  matter jurisdiction over this Third-Party Complaint pursuant to *28 U.S.C. §1367* because these

22  claims arise out of the same case or controversy.

23    5.    Venue is proper in this court because a substantial part of the events or omissions

24  giving rise to this claim occurred in this District.  *28 U.S.C. §1391(b).*

25                       **Background and Factual Allegations**

26    6.    TYRON SNOWDEN WOODS and his wife DOROTHY NARVAEZ WOODS are

27  small business owners, who own and run a local bar in Imperial Beach, California, called FAR

1   EAST ROCK. The address for this local establishment is 992 Palm Avenue, Imperial Beach,

2   California 91932.

3        7.    On December 1, 2007, TYRON SNOWDEN WOODS was shopping in a local

4   Costco store, when he came upon a DIRECTV, INC. booth that was operating at Costco. TYRON

5   SNOWDEN WOODS had a discussion with the DIRECTV, INC. employees at this booth

6   regarding ordering and installing television service for his bar in Imperial Beach. In that

7   conversation, TYRON SNOWDEN WOODS specifically informed the agent of DIRECTV, INC.

8   that he needed a commercial television account because the location of the television service was

9   to be his business, the bar known as FAR EAST ROCK. TYRON SNOWDEN WOODS was

10   informed by DIRECTV, INC. that he could have the television account set up and installed for his

11   business location. In fact, the document regarding this order specifically states "THIS IS A

12   BUSINESS LOCATION FAR EAST ROCK (BAR)." (See Exhibit 1, attached hereto).

13        8.    A few days later, specifically on December 5, 2007, the requested television service

14   was installed at FAR EAST ROCK. When the DIRECTV, INC. personnel came to perform the

15   installation it was obvious that this was a business establishment. Therefore, the account should

16   have been designated as a commercial account instead of residential, in accordance with the

17   specific instructions from TYRON SNOWDEN WOODS (as documented in DIRECTV, INC.'s

18   own form), and consistent with the nature of the location where the installation was taking place.

19   Following the installation, Defendants/Third-Party Plaintiffs believed that the installation was

20   done correctly and believed that DIRECTV, INC. was charging the correct amount for the

21   television signals and subscription to the television service.

22        9.    When the DIRECTV, INC. employee, specifically Gene, arrived at FAR EAST

23   ROCK, the establishment was already set up as a business. All of the normal indications that FAR

24   EAST ROCK was conducting a business operation were present, including but not limited to the

25   bar, seating area, employees working, and customers. The DIRECTV, INC. employee who

26   installed the service at FAR EAST ROCK did in fact observe all of the indications that this was a

27   commercial establishment, and thus knew that a commercial account would be necessary.

1    10.    Due to the numerous instructions that TYRON SNOWDEN WOODS provided to

2 DIRECTV, INC. to set up the account for the business as a commercial account (as well as the

3 obvious fact that it was a commercial establishment), following the installation on December 5,

4 2007, Defendants/Third-Party Plaintiffs believed it to be set up appropriately, and in accordance

5 with the documented instructions. Defendants/Third-Party Plaintiffs had no reason to believe that

6 DIRECTV, INC. failed to set up the television account correctly.

7    11.    Defendants/Third-Party Plaintiffs wanted to exhibit an Ultimate Fighting program

8 at FAR EAST ROCK on Saturday, March 7, 2009, specifically Ultimate Fighting Championship

9 96: Jackson v. Jardine (the "subject fight program"), so in preparation for that event,

10 Defendants/Third-Party Plaintiffs ordered the program through DIRECTV, INC.

11 Defendants/Third-Party Plaintiffs ordered the subject fight program and paid for it through

12 DIRECTV, INC. not knowing that the account that DIRECTV, INC. set up for FAR EAST ROCK

13 was a residential account instead of commercial, contrary to what was requested. As a

14 consequence, Defendants/Third-Party Plaintiffs were not charged the correct amount to display the

15 subject fight program. When Defendants/Third-Party Plaintiffs ordered the subject fight program

16 they reasonably relied upon DIRECTV, INC.'s knowledge, familiarity, and experience with pay-

17 per-view programs to charge the correct amount for Defendants/Third-Party Plaintiffs to lawfully

18 display the subject fight program.

19    12.    Following what Defendants/Third-Party Plaintiffs believed to be a lawful exhibition

20 of the fight program on March 7, 2009, they were contacted by JOE HAND PROMOTIONS, INC.,

21 who, through counsel Thomas Riley, insisted that the exhibition was unlawful. Specifically, a

22 letter was sent dated April 15, 2009, from counsel for JOE HAND PROMOTIONS, INC.

23 Following the letter, the attempt to settle was not successful, and counsel for JOE HAND

24 PROMOTIONS, INC. filed this underlying lawsuit. Thus, in this underlying action,

25 Defendants/Third-Party Plaintiffs have been forced to defend themselves and incur significant

26 damages and liabilities to JOE HAND PROMOTIONS, INC. due to the failures of DIRECTV,

27 INC. to appropriately set up the television service at the bar and charge Defendants/Third-Party

1   Plaintiffs the correct amount for pay-per-view of the subject fight program as a commercial

2   establishment.

3                                    **COUNT 1**

4                           *Negligent Misrepresentation*

5       **TYRON SNOWDEN WOODS and DOROTHY NARVAEZ WOODS, individually and**

6              **d/b/a FAR EAST ROCK, and FAR EAST ROCK, INC. vs. DIRECTV, INC.**

7       13.     Defendants/Third-Party Plaintiffs hereby incorporate by reference paragraphs 1

8   through 12 as though fully set forth within.

9       14.     Third-Party Defendant DIRECTV, INC. made representations to Defendants/Third-

10  Party Plaintiffs regarding whether the television account for FAR EAST ROCK was appropriately

11  set-up as a commercial establishment.   DIRECTV, INC. negligently made false representations

12  about the television account for FAR EAST ROCK being set up as a commercial account, when it

13  was in fact set up as a residential account and was billed accordingly.  This initial representation

14  was made at the time TYRON SNOWDEN WOODS ordered the television service on December

15  1, 2007, at Costco. Additionally, when Defendants/Third-Party Plaintiffs ordered the subject fight

16  program in March of 2009 DIRECTV, INC. made representations that it would provide the

17  television signal lawfully, and conveyed that it was charging Defendants/Third-Party Plaintiffs the

18  correct amount to display the subject fight program at this commercial establishment.  Those

19  negligent representations that DIRECTV, INC. made were false.

20      15.     The agents of DIRECTV, INC. who made the negligent misrepresentations were

21  specifically the person that worked for DIRECTV, INC. at DIRECTV, INC.'s booth in Costco

22  who communicated with TYRON SNOWDEN WOODS regarding setting up the television

23  account, as alleged above, as well as the agent for DIRECTV, INC., Gene, who installed the

24  hardware and physically set up the television equipment at FAR EAST ROCK.  Additionally,

25  when Defendants/Third-Party Plaintiffs ordered the subject fight program through DIRECTV,

26  INC., DIRECTV, INC. made representations that it would be providing the bar with a lawful

27  television signal and was charging the correct amount.  All of the individuals who made those

1   representations were authorized agents of DIRECTV, INC. and at the time of making the

2   representations herein alleged, and at all times herein mentioned, these agents were acting within

3   the course and scope of their agency, employment, and authority for DIRECTV, INC.

4       16.     DIRECTV, INC. had no reasonable grounds to believe that the representations

5   made by its authorized agents were true, namely that the television account for the FAR EAST

6   ROCK location was appropriately set up and being billed as a commercial account, and that the

7   subject fight program would be lawfully provided and the correct amount was charged.  The

8   representations that were made that the account was appropriately set up as a commercial account

9   and the television signal for the subject fight program was being lawfully provided and correctly

10  billed were in fact false, and were furthermore of material facts.  Such representations were made

11  with the intent that Defendants/Third-Party Plaintiffs would rely upon them, and

12  Defendants/Third-Party Plaintiffs did in fact justifiably rely upon the representations, which

13  proximately caused them significant damages.

14      17.     DIRECTV, INC. by and through its authorized agents, made the following

15  representations to Defendants/Third-Party Plaintiffs when DIRECTV, INC. knew or reasonably

16  should have known that said representations were false.

17      a.      On December 1, 2007, an authorized agent for DIRECTV, INC. working at the

18              DIRECTV, INC. booth in Costco falsely informed and typed on the order form that

19              the television account being set up for the FAR EAST ROCK location was a

20              commercial account, and would be charged accordingly.

21      b.      On December 5, 2007, an authorized agent for DIRECTV, INC., namely Gene,

22              falsely informed TYRON SNOWDEN WOODS in person when he came to install

23              the television system at DIRECTV, INC. that the account was correctly set up as a

24              commercial account.

25      c.      In approximately March of 2009 when Defendants/Third-Party Plaintiffs ordered

26              the subject fight program for the bar, DIRECTV, INC. falsely conveyed that it

27              would lawfully provide the television signal for the subject fight program and

1             would correctly bill Defendants/Third-Party Plaintiffs based upon the facility being

2             a bar and commercial establishment.

3       18.     DIRECTV, INC.'s representations were material to Defendants/Third-Party

4 Plaintiffs' decision to keep using the television system that Defendants/Third-Party Plaintiffs

5 believed was lawful, and most importantly, the representations were material to defendants/Third-

6 Party Plaintiffs' decision to order the subject fight and exhibit it, believing such actions to be

7 lawful.

8       19.     When each and every one of the above representations were made by the authorized

9 agents of DIRECTV, INC., Defendants/Third-Party Plaintiffs did not know that the statements

10 were false, despite exercising reasonable diligence in the execution of the agreements between

11 them. Defendants/Third-Party Plaintiffs could not sooner obtain the knowledge of the falsity of

12 these representations because DIRECTV, INC. and its agents were not honest with

13 Defendants/Third-Party Plaintiffs regarding the status of the subject television account and the

14 legality of the television signal that was provided. It was not until significantly later that

15 Defendants/Third-Party Plaintiffs discovered the facts that informed them of the untrue nature of

16 the representations made by DIRECTV, INC. Specifically, it was not until well after JOE HAND

17 PROMOSIONS, INC. began pursuing Defendants/Third-Party Plaintiffs legally that

18 Defendants/Third-Party Plaintiffs were put on notice as to the numerous negligent

19 misrepresentations of DIRECTV, INC.

20       20.     As a direct and proximate result of DIRECTV, INC.'s negligent misrepresentations,

21 Defendants/Third-Party Plaintiffs have been forced to defend themselves in this underlying lawsuit

22 filed by JOE HAND PROMOTIONS, INC. and have incurred significant damages. Had

23 Defendants/Third-Party Plaintiffs known the actual facts, they would not have ordered and paid for

24 merely a residential license to exhibit the subject fight program at the bar, and would not have

25 shown it illegally at FAR EAST ROCK, thereby avoiding the legal action that JOE HAND

26 PROMOSIONS, INC. has taken against them.

27    / / /

1        21.     As a direct and proximate result of DIRECTV, INC.'s negligent misrepresentations,

2   Defendants/Third-Party Plaintiffs have sustained significant damages, in an amount undetermined

3   at this time, but according to proof at the time of trial.

4        22.     WHEREFORE, Defendants/Third-Party Plaintiffs pray for judgment against

5   DIRECTV, INC., as more fully set forth below, and according to proof at the time of trial.

6                                   **COUNT 2**

7                              *Breach of Contract*

8        **TYRON SNOWDEN WOODS and DOROTHY NARVAEZ WOODS, individually and**

9             **d/b/a FAR EAST ROCK, and FAR EAST ROCK, INC. vs. DIRECTV, INC.**

10       23.     Defendants/Third-Party Plaintiffs hereby incorporate by reference paragraphs 1

11   through 22 as though fully set forth within.

12       24.     Defendants/Third-Party Plaintiffs entered into contracts with DIRECTV, INC.

13   Specifically, there was an agreement between Defendants/Third-Party Plaintiffs and DIRECTV,

14   INC. that DIRECTV, INC. would install and provide a television signal and services for the

15   business establishment known as FAR EAST ROCK, and charge them appropriately.  TYRON

16   SNOWDEN WOODS initially ordered the DIRECTV, INC. service at the DIRECTV, INC. booth

17   at a Costco store on December 1, 2007, and the agreement was documented in a written contract.

18   (See Exhibit 1, attached hereto.)  This written contract is also signed by a representative of

19   DIRECTV, INC. and it specifically states that "THIS IS A BUSINESS LOCATION FAR EAST

20   ROCK (BAR)."  Despite the contract to install and provide the television service for a commercial

21   establishment, DIRECTV, INC. breached this contract by installing a residential account.

22   Defendants/Third-Party Plaintiffs did not discover the breach that DIRECTV, INC. committed

23   regarding this contract until significantly later, despite diligence on the part of Defendants/Third-

24   Party Plaintiffs.  Defendants/Third-Party Plaintiffs had no reason to suspect that the television

25   service was installed incorrectly.  Additionally, there was a contract between Defendants/Third-

26   Party Plaintiffs and DIRECTV, INC. specifically regarding the subject fight program wherein the

27   subject fight was ordered in and around March of 2009, and DIRECTV, INC. agreed to lawfully

1    provide the television signal and bill appropriately for the commercial establishment.  Again,

2    despite diligence on the party of Defendants/Third-Party Plaintiffs, the breach committed by

3    DIRECTV, INC. was not discovered until later, once Defendants/Third-Party Plaintiffs had been

4    informed by counsel for JOE HAND PROMOTIONS, INC. that the exhibition of the program was

5    unlawful.

6         25.    Defendants/Third-Party Plaintiffs performed all conditions, covenants, and

7    promises required on their part to be performed in accordance with the terms and conditions of the

8    contracts.

9         26.    Despite undertaking specific obligations towards Defendants/Third-Party Plaintiffs,

10   DIRECTV, INC. breached their contracts by failing to install and designate the television account

11   for FAR EAST ROCK as a commercial account and bill accordingly.  Most importantly,

12   DIRECTV, INC. failed to charge Defendants/Third-Party Plaintiffs the correct price for the

13   television signal for the subject fight program.

14        27.    As a consequence of DIRECTV, INC.'s breaches, and as a direct and proximate

15   result thereof, Defendants/Third-Party Plaintiffs have sustained significant damages, in an amount

16   undetermined at this time, but according to proof at the time of trial.  The damages include, but are

17   not limited to, being subjected to a lawsuit brought by JOE HAND PROMOTIONS, INC. due to

18   the breach of contract that DIRECTV, INC. committed towards Defendants/Third-Party Plaintiffs

19   regarding the subject fight program.

20        28.    WHEREFORE, Defendants/Third-Party Plaintiffs pray for judgment against

21   DIRECTV, INC., as more fully set forth below, and according to proof at the time of trial.

22                                  **COUNT 3**

23   *Violation of California Business & Professions Code §17200 - Unfair Business Practices*

24         **TYRON SNOWDEN WOODS and DOROTHY NARVAEZ WOODS, individually and**

25              **d/b/a FAR EAST ROCK, and FAR EAST ROCK, INC. vs. DIRECTV, INC.**

26        29.    Defendants/Third-Party Plaintiffs hereby incorporate by reference paragraphs 1

27   through 28 as though fully set forth within.

1      30.    DIRECTV, INC. engaged in unlawful, unfair, deceptive and/or fradulent business

2  practices in violation of *California Business & Professions Code §17200*, among other laws and

3  regulations. The actions of DIRECTV, INC. were also in violation of *47 USCS §553* and *47 USCS*

4  *§605*.

5      31.    The following are examples of the unfair and fraudulent business acts that

6  DIRECTV, INC. engaged in:

7      a.    On December 1, 2007, an authorized agent for DIRECTV, INC. falsely informed

8             TYRON SNOWDEN WOODS at the DIRECTV, INC. booth at Costco that the

9             television account being set up for the FAR EAST ROCK location was a

10            commercial account, and would be charged accordingly.

11     b.    On December 5, 2007, an authorized agent for DIRECTV, INC., Gene, falsely

12           informed TYRON SNOWDEN WOODS in person when he came to install the

13           television system at FAR EAST ROCK that the account was set up as a commercial

14           account, and would be charged accordingly.

15     c.    DIRECTV, INC. installed a residential account at FAR EAST ROCK, despite the

16           fact that its owner TYRON SNOWDEN WOODS requested a commercial account

17           (as DIRECTV, INC. documented in writing), and the obvious fact that the location

18           is a bar.

19     d.    DIRECTV, INC. did not charge the correct amount for the television signals going

20           to FAR EAST ROCK, in particular for the signal for the subject fight program that

21           Defendants/Third-Party Plaintiffs ordered in and around March of 2009, despite

22           assurances that DIRECTV, INC. would lawfully provide the pay-per-view program

23           that had been ordered.

24      32.    The above acts and/or omissions of DIRECTV, INC. constitute unlawful, unfair,

25  deceptive and/or fraudulent business acts pursuant to *California Business & Professions Code*

26  *§17200*, which offend established public policy and/or are immoral, unethical, oppressive, and

27  unscrupulous.

1      33.    As a direct, proximate, and foreseeable result of the wrongful conduct, as alleged

2  above, Defendants/Third-Party Plaintiffs continued to operate the television at FAR EAST ROCK

3  as though it was properly set up with a commercial account, and specifically Defendants/Third-

4  Party Plaintiffs ordered the subject fight and displayed it at FAR EAST ROCK, believing that they

5  had paid for the necessary commercial license to exhibit the program.

6      34.    Defendants/Third-Party Plaintiffs paid a significant amount of money to DIRECTV,

7  INC. for television services and programming.  Among numerous other payments, most

8  specifically Defendants/Third-Party Plaintiffs paid DIRECTV, INC. for the subject fight program.

9  As a proximate result of the unlawful and fraudulent acts that DIRECTV, INC. engaged in,

10  DIRECTV, INC. wrongfully obtained and retained certain benefits it was not entitled to, given that

11  it was not providing the lawful commercial television services that were promised to FAR EAST

12  ROCK.  DIRECTV, INC. failed to provide the lawful television signal for the subject fight

13  program that Defendants/Third-Party Plaintiffs paid for in and around March of 2009.

14  Defendants/Third-Party Plaintiffs had a clear ownership interest in the money that they paid to

15  DIRECTIV, INC.

16      35.    Defendants/Third-Party Plaintiffs are entitled to relief, including full restitution of

17  all of the money that they paid to DIRECTV, INC. for television services and programming at

18  FAR EAST ROCK, including but not limited to the money specifically paid for the subject fight

19  program.  Defendants/Third-Party Plaintiffs are entitled to the restoration of money that

20  DIRECTV, INC. acquired as a result of such unfair acts or practices.

21      36.    Based upon DIRECTV, INC.'s unlawful, unfair, deceptive, and/or fradulent

22  business acts as alleged herein above, defendants/Third Party Plaintiffs seek all authorized relief

23  available under California law, including but not limited to restitution of all money that was

24  wrongfully obtained and retained by means of unlawful, unfair, deceptive, and/or fradulent

25  business practices.

26      37.    WHEREFORE, Defendants/Third-Party Plaintiffs pray for judgment against

27  DIRECTV, INC., as more fully set forth below, and according to proof at the time of trial.

1              **COUNT 4**

2              *Negligence*

3     **TYRON SNOWDEN WOODS and DOROTHY NARVAEZ WOODS, individually and**

4          **d/b/a FAR EAST ROCK, and FAR EAST ROCK, INC. vs. DIRECTV, INC.**

5          38.     Defendants/Third-Party Plaintiffs hereby incorporate by reference paragraphs 1

6     through 37 as though fully set forth within.

7          39.     As alleged above, on December 1, 2007, Defendants/Third-Party Plaintiffs

8     requested a commercial installation of television services at FAR EAST ROCK.  Despite such

9     request, and the written assurances by DIRECTV, INC. through its authorized agent that the

10    installation would be complete and appropriate for the establishment, DIRECTV, INC. failed to set

11    up this location with a commercial account, rather it was installed as a residential account.  Due to

12    this difference in account designation, the correct amount was not charged or billed to

13    Defendants/Third-Party Plaintiffs for the exhibition of the subject pay-per-view program.  When

14    Defendants/Third-Party Plaintiffs ordered and paid for the subject fight program in and around

15    March of 2009 from DIRECTV, INC., DIRECTV, INC. failed to competently and lawfully

16    provide the television signal in accordance with all applicable federal laws and regulations

17    regarding pay-per-view programs, and failed to correctly bill Defendants/Third-Party Plaintiffs for

18    the subject fight program.  As a result of these failures, Defendants/Third-Party Plaintiffs suffered

19    significant damages when they exhibited the subject fight program.  Namely, Defendants/Third-

20    Party Plaintiffs have been forced to defend themselves and incur significant liability and damages

21    in this underlying subject lawsuit brought against them by JOE HAND PROMOTIONS, INC.

22         40.     DIRECTV, INC. was negligent in the installation and set-up of the subject

23    television account at FAR EAST ROCK, causing Defendants/Third-Party Plaintiffs to suffer

24    significant damages, including having to defend themselves in this instant lawsuit brought by JOE

25    HAND PROMOTIONS, INC.  DIRECTV, INC. was also negligent more specifically regarding

26    their provision of the television signal for the subject fight on March 7, 2009, when DIRECTV,

27    INC. did not lawfully provide the signal, nor correctly bill Defendants/Third-Party Plaintiffs, who

1    were relying upon the expertise and competence of DIRECTV, INC. regarding pay-per-view
2    programming.

3         41.    DIRECTV, INC., as the television signal provider, had a duty to exercise
4    reasonable and due care in the installation and set-up of commercial television accounts, as well as
5    a duty to exercise reasonable and due care in the provision of pay-per-view services that it was
6    providing. More specifically, DIRECTV, INC. had duties to install a television account that was
7    consistent with the commercial nature of a commercial establishment, install the hardware and set-
8    up the account to be a commercial account if requested by an establishment (and charge
9    accordingly), and not provide television signals for pay-per-view programs illegally. DIRECTV,
10   INC. had a duty to comply with all federal statutes regulating broadcasting and distributing of pay-
11   per-view programs, including but not limited to *47 U.S.C. §553* and *47 U.S.C. §605*.

12        42.    DIRECTV, INC. knew or should have known that the FAR EAST ROCK
13   establishment is a commercial establishment (namely a bar), and thus would require a commercial
14   television account with corresponding charges for services. This information was provided not
15   only by TYRON SNOWDEN WOODS directly to DIRECTV, INC. (as DIRECTV, INC.
16   documented in writing), but the DIRECTV, INC. agent who installed the hardware, Gene, had a
17   chance to personally observe the fact that FAR EAST ROCK is a commercial establishment.
18   Additionally, when Defendants/Third-Party Plaintiffs ordered the subject fight program in March
19   of 2009, they did so with the understanding that DIRECTV, INC. would provide a lawful signal
20   and bill correctly.

21        43.    The reasonably prudent television signal provider would have known under the
22   circumstances of this case that the television account at FAR EAST ROCK needed to be set-up
23   and charged as a commercial account. With specific reference to the subject fight program, the
24   reasonably prudent television signal provider would have known under the circumstances of this
25   case that the subject fight program in March of 2009 being displayed at FAR EAST ROCK
26   required a commercial license, and the establishment should be billed accordingly.

27   / / /

1    44.    DIRECTV, INC. breached its duties of reasonable care by failing to exercise

2    reasonable care in the installation and set-up of the television account at FAR EAST ROCK.

3    DIRECTV, INC. set up the subject television account (and billed it) as a residential account when

4    it should have been set up as a commercial account as requested, and as was obviously necessary.

5    Most importantly, regarding the subject fight program, DIRECTV, INC. breached its duty of

6    reasonable care by failing to provide a lawful television signal (that was billed correctly) to

7    Defendants/Third-Party Plaintiffs for the subject fight program that was ordered in and around

8    March of 2009.

9    45.    The breaches of DIRECTV, INC.'s duties were both the proximate cause and legal

10   cause of defendants/Third-Party Plaintiff's damages, as alleged above.

11   46.    As a direct and proximate result of the negligent conduct of DIRECTV, INC. as

12   pled herein, Defendants/Third-Party Plaintiffs have sustained significant damages, in an amount

13   not yet fully ascertained at this time but according to proof at the time of trial.

14   47.    WHEREFORE, Defendants/Third-Party Plaintiffs pray for judgment against

15   DIRECTV, INC., as more fully set forth below, and according to proof at the time of trial.

16   WHEREFORE, Defendants/Third-Party Plaintiffs demand judgment against DIRECTV,

17   INC. for compensatory and consequential damages in an amount to be proven at trial.

18   Defendants/Third-Party Plaintiffs further demand an award of all court costs, attorney fees and

19   pre-judgment and post-judgment interest. Defendants/Third-Party Plaintiffs further request that

20   they be awarded any other relief to which they are entitled based upon the claims pled or on any

21   other theories available under the facts and the law, and after completion of all necessary

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

1    discovery and investigation into the wrongs perpetrated by DIRECTV, INC.  Defendants/Third-

2    Party Plaintiffs also hereby demand a jury trial in this matter.

3           Respectfully submitted.

4    DATED: May 26, 2010                          LAW OFFICE OF MATTHEW PARE

5
                                           By:    /s Matthew A. Paré
6                                                 _____
7                                                 Matthew A. Paré, Esquire
                                                  Counsel for Defendants/Third-Party
8                                                 Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1   Matthew A. Paré, Esq., State Bar No.: 258434
    **LAW OFFICE OF MATTHEW PARE**
2   180 Otay Lakes Road, Suite 210A
    Bonita, CA 91902
3   Phone: (619) 475-6677
    Fax: (619) 475-6296
4   e-mail: mattparelawca@gmail.com

5

6                    **CERTIFICATE OF SERVICE**

7
        I hereby certify that on May 26, 2010, I electronically filed the foregoing with the Clerk of
8
    the Court using the ECF System which sent notification of such filing to the following:
9
    Thomas P. Riley, Esq., State Bar No.: 194706
10  **LAW OFFICES OF THOMAS P. RILEY, P.C.**
    First Library Square
11  1114 Fremont Avenue
    South Pasadena, CA 91030-3227
12  Phone: (626) 799-9797
    Fax: (626) 799-9795
13  e-mail: TPRLAW@att.net

14
    Matthew A. Paré, Esq., State Bar No.: 258434
15  **LAW OFFICE OF MATTHEW PARE**
    180 Otay Lakes Road, Suite 210A
16  Bonita, CA 91902
    Phone: (619) 475-6677
17  Fax: (619) 475-6296
    e-mail: mattparelawca@gmail.com
18
                             By:      /s Matthew A. Paré
19                                    _____
20                                    Matthew A. Paré, Esquire

21

22

23

24

25

26

27

28

_Answer and Third-Party Complaint_                                    20

# Exhibit 1

# DIRECTV

## IRONWOOD COMMUNICATIONS
### 1-800-805-8570
IN ARIZONA DBA IRONWOOD SOLUTIONS, INC.

PRINT ID: XT240

| | | I R TECH. # | | W.O. DESCRIPTION | | |
|---|---|---|---|---|---|---|
| | | | | NUMBER | | PRINT DATE |

| SUBSCRIBER NUMBER | RESIDENCE PHONE | BUSINESS PHONE | W.O. DESCRIPTION | SCHEDULED | | |
|---|---|---|---|---|---|---|
| | | | | DATE | TIME | UN |
| 897200042879844 | 619-965-4917 | 619-995-4917 | INSTALL KA/KU | 12/05/07  PM | | |

| SERVICE NAME AND ADDRESS | REPRINT | MAP CODE | MGMT. AREA | SERVICE AREA | SALES REP. |
|---|---|---|---|---|---|
| WOODS,TY | REG | RS | | 51104 | |
| 992 PALM AVE | | | | | |
| DEC0102 ORDER117636764 | DWELLING TYPE | | | TYPE HOOK-UP | |
| IMPERIAL BEACH CA 91932-1534 | 1 UNIT UNKNOW | | | GROUND MOUNT | |

| /CALLER NAME | HOUSE STATUS | | | BRIDGER ADDRES |
|---|---|---|---|---|
| 75381574 | SERV-ENTERTNMNT | DTV | 99 9999 99 | |

| NOTES TO I R TECHNICIAN | DROP LOCATION | NUMB OUTLE |
|---|---|---|
| THIS IS A BUSINESS LOCATION FAR EAST ROCK (BAR) | | |

| WORK TO BE PREFORMED | | | | IRD | OFFICE USE ONLY |
|---|---|---|---|---|---|
| CODE | QTY. | DISCOUNT | DESCRIPTION | CHARGE | SERIAL NUMBER |
| A1 | 1 | | 1 OUTLETS | | |
| F1 | 1 | | 1 HIGH DEF | | |
| M3 | 1 | | 3 MAIN | | |
| OF | 1 | | KA/KU ODU | | |
| PG | 1 | | 1VR PEND PRG | | |
| Z2 | 1 | | Z2 | | |

GREG
760 98 75 94

TECHNICIAN NAME: GENE

EMPLOYEE NUMBER

PAYROLL CODE(S)

| 40240 | LNB, TRIPLE | |
|---|---|---|
| 70020 | DISH, OVAL MULTI SAT 20" | |
| 70050 | DISH, INTERNATIONAL 36" | |
| 70060 | 18" DISH LNB | |
| 70070 | LNB, KAKU SLIMLINE | |
| 30010 | SWITCH, 3 X 4 | |
| 30020 | SWITCH, 4 X 4 | |
| 70500 | 4 X 8 MULTISWITCH | |
| 70510 | 6 X 8 MULTISWITCH | |
| 70520 | 6 X 16 WIDEBAND MULTISWITCH | |

NON-STANDARD PRICE LIST

| TRIPOD | $40 | |
|---|---|---|
| NON PENETRATING ROOF MOUNT | $75 | |
| REMOTE SIG SENDER | $49.95 | |
| UHF REMOTE | $19.95 | |
| EXTRA CABLE PER FT. | $.25 | |
| CUSTOM WORK PER 1/2 HR | $37.50 | |

TROUBLE CALL REASON

TOTAL PAYMENT $

___ CHECK (ATTACHED)  CHECK # _____

___ CREDIT CARD    TYPE _____

| TAL AMOUNT COLLECTED: | CUSTOM WORK OR EQUIPMENT SOLD ☐ YES ☐ NO |
|---|---|

CARD # _____

EXPIRATION DATE _____ / _____

| COMPLETION | | | | TROUBLE CALL RESOLUTION CODES |
|---|---|---|---|---|
| DATE | START | STOP | CODE | |

Make all checks payable to:
**IRONWOOD COMMUNICATIONS**

TECH. COMMENTS AND MATERIALS USED

he Customer, acknowledge receipt of the listed Equipment, and/or the satisfactory completion of the work including
h location, attachment, and cable routing. I understand I am responsible for the charges set forth above.
ase read the Non Standard installation information on the back.

X _____   Date _____   Technician Signature _____   Date _____
stomer Signature