Ryan G. Baker (Bar No. 214036)
  rbaker@bmchlaw.com
Diyari Vazquez (Bar. No. 222461)
  dvazquez@bmchlaw.com
BAKER MARQUART CRONE & HAWXHURST LLP
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California 90024
Telephone:     (424) 652-7800
Facsimile:     (424) 652-7850

Attorneys for Third-Party Defendant and
Counterclaimant DIRECTV, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | CASE NO. 3:10-cv-00481-BTM-BLM |
| Plaintiff, | |
| v. | **THIRD-PARTY DEFENDANT AND COUNTERCLAIMANT DIRECTV, INC.'S AMENDED ANSWER AND COUNTERCLAIM** |
| TYRON SNOWDEN WOODS AND DOROTHY NARVAEZ WOODS A/K/A DOROTHY MAY NAVAEZ-WOODS, INDIVIDUALLY and d/b/a FAR EAST ROCK; and FAR EAST ROCK, INC., an unknown business entity d/b/a FAR EAST ROCK, | |
| Defendants. | |
| TYRON SNOWDEN WOODS AND DOROTHY NARVAEZ WOODS A/K/A DOROTHY MAY NAVAREZ-WOODS, INDIVIDUALLY and d/b/a FAR EAST ROCK; and FAR EAST ROCK, INC., an unknown business entity d/b/a FAR EAST ROCK, | |
| Third-Party Plaintiffs, | |
| v. | |
| DIRECTV, INC., | |
| Third-Party Defendant. | |
| DIRECTV, INC., | |
| Counterclaimant, | |
| v. | |
| TYRON SNOWDEN WOODS, an individual, AND DOROTHY NARVAEZ WOODS A/K/A DOROTHY MAY NAVAREZ-WOODS, an | |

1 | individual, INDIVIDUALLY and d/b/a FAR EAST ROCK; FAR EAST ROCK, INC., an unknown business entity d/b/a FAR EAST ROCK; and ROES 1-10,

  Counter-Defendants.

## AMENDED ANSWER

Third-party defendant DIRECTV, Inc. ("DIRECTV") answers the third-party complaint as follows:

### Parties

1. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

2. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

3. Admit.

### Jurisdiction and Venue

4. Admit that jurisdiction is proper.

5. Admit that venue is proper.

### Background and Factual Allegations

6. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of this paragraph and, on that basis, denies its allegations.

7. DIRECTV denies the allegation that Tyron Snowdon Woods had any discussion with any agent or employee of DIRECTV on December 1, 2007. DIRECTV also denies that DIRECTV informed Mr. Woods that he could have a television set up and installed for his business location. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

8. DIRECTV denies the allegation that Mr. Wood's instructions are documented in DIRECTV's own form.  DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

9. DIRECTV denies that Gene was a DIRECTV employee or that any DIRECTV employee installed DIRECTV service or made any observations at Far East Rock.  DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

10. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies its allegations.

11. DIRECTV admits that Defendants/Third-Party Plaintiffs ordered Ultimate Fighting Championship 96: Jackson v. Jardine through DIRECTV.   DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

12. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies its allegations.

## COUNT 1

13. DIRECTV hereby incorporates by reference paragraphs 1 through 12 as though fully set forth within.

14. Deny.

15. DIRECTV denies that any agent or employee of DIRECTV made any representations to Mr. Woods on December 1, 2007, at Costco.  DIRECTV denies that Gene was an agent of DIRECTV.  DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

16. Deny.

17. DIRECTV denies that any agent or employee of DIRECTV made any representations to Mr. Woods on December 1, 2007, at Costco. DIRECTV denies that Gene was an agent of DIRECTV. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

18. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies its allegations.

19. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies its allegations.

20. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies its allegations.

21. Deny.

22. Deny.

## COUNT 2

23. DIRECTV hereby incorporates by reference paragraphs 1 through 22 as though fully set forth within.

24. DIRECTV denies that it entered into any contract with Defendants/Third-Party Plaintiffs related to installation of DIRECTV service. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

25. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies its allegations.

26. DIRECTV denies that is breached any contract related to installation. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies those allegations.

27. Deny.

28. Deny.

## COUNT 3

29. DIRECTV hereby incorporates by reference paragraphs 1 through 28 as though fully set forth within.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

## COUNT 4

38. DIRECTV hereby incorporates by reference paragraphs 1 through 37 as though fully set forth within.

39. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies its allegations.

40. Deny.

41. DIRECTV is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies its allegations.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

## AFFIRMATIVE DEFENSES

By way of further answer and affirmative defenses, DIRECTV states as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

All or some of plaintiff's purported claims fail to state facts sufficient to constitute a cause of action against DIRECTV.

### SECOND AFFIRMATIVE DEFENSE

(Laches)

All or some of plaintiff's purported claims are barred by the doctrine of laches, in that plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite full awareness of DIRECTV'S actions.

### THIRD AFFIRMATIVE DEFENSE

(Waiver, Acquiescence, and Estoppel)

All or some of plaintiff's purported claims are barred by the doctrines of waiver, acquiescence, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

(Consent)

All or some of plaintiff's purported claims are barred because plaintiff consented to the conduct of which they complain.

### FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

All or some of plaintiff's purported claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

(No Causation)

All or some of third-party plaintiffs' purported claims are barred because DIRECTV was not the actual or proximate cause of third-party plaintiffs' damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Third-party plaintiffs have failed to mitigate their damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

(No Duty)

All or some of third-party plaintiffs' purported claims are barred, in whole or in part, because DIRECTV did not owe third-party plaintiffs any duty.

## NINTH AFFIRMATIVE DEFENSE

(Contributory Negligence)

The third-party plaintiffs' purported claims are barred under the doctrine of contributory negligence.

## TENTH AFFIRMATIVE DEFENSE

(Inadequate Consideration)

Each of the purported contract causes of action set forth in the third-party complaint fails due to inadequate consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

(Mistake)

Each of the purported causes of action set forth in the third-party complaint fails due to the unilateral and/or mutual mistake of the parties.

## TWELFTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

All of third-party plaintiffs' claims are barred in whole or in part because DIRECTV's actions were justified and/or privileged.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Material Breach/Material Misrepresentation)

Each of the purported causes of action set forth in the third-party complaint is barred in whole or in part because third-party plaintiffs substantially and materially breached the contracts alleged therein by making material misrepresentations.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

Each of the purported causes of action set forth in the third-party complaint is barred in whole or in part because DIRECTV acted in good faith, exercised reasonable care, and complied with any duties owed to Plaintiff with respect to matters alleged in the third-party complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Business Justification)

All of third-party plaintiffs' claims are barred in whole or in part because DIRECTV at all times acted with reasonable business justification.

### SIXTEENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

All of third-party plaintiffs' claims are barred in whole or in part under the doctrine of after-acquired evidence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Acts of Third Parties)

All of third-party plaintiffs' claims are barred in whole or in part because third-party plaintiffs' damages, if any, were caused by the acts of third-parties.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Arbitration Clause)

All of third-party plaintiffs' claims are barred in whole or in part by a valid and binding arbitration clause contained in a contract between third-party plaintiffs and DIRECTV.

## RESERVATION OF RIGHTS

In addition, DIRECTV has not completed its investigation and discovery regarding the third-party complaint or the claims asserted by third-party plaintiffs therein. Accordingly, DIRECTV reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

## PRAYER

WHEREFORE, DIRECTV prays for judgment as follows:

1. That third-party plaintiffs take nothing from DIRECTV by reason of their third-party complaint;
2. That the third-party complaint against DIRECTV be dismissed with prejudice;
3. That DIRECTV be awarded costs of suit; and
4. That DIRECTV be awarded any other and further relief as the Court may deem just and proper.

## DIRECTV'S COUNTERCLAIM

Third-party defendant and counterclaimant DIRECTV, Inc. ("DIRECTV"), for its counterclaim against defendants and third-party plaintiffs, Tyron Snowden Woods and Dorothy Narvaez Woods a/k/a Dorothy May Narvaez-Woods, individually and d/b/a Far East Rock; and Far East Rock, Inc., an unknown business entity d/b/a Far East Rock (collectively "COUNTER-DEFENDANTS"), alleges as follows:

### THE PARTIES

1. Counterclaimant DIRECTV is a corporation incorporated under the laws of the State of California. DIRECTV is the nation's leading direct broadcast satellite system, delivering hundreds of channels of digital entertainment and informational programming to more than 18 million homes and businesses equipped with specialized DIRECTV receiving equipment. Through its operations, DIRECTV provides direct broadcast satellite programming to subscribers

1  with specialized satellite hardware who pay for the programming via a subscription fee and obtain
2  a programming license from DIRECTV in return for a subscription. Subscribers are then able to
3  watch programs on their televisions and/or listen to certain high quality audio programs
4  communicated electronically by DIRECTV via satellite (the "Satellite Programming"). DIRECTV
5  holds proprietary rights to the Satellite Programming it transmits, and DIRECTV is the owner of
6  and/or a lawfully designated distribution agent for such Satellite Programming.

7      2.    On information and belief, counter-defendant Tyron Snowden Woods is an
8  individual residing in California.  On information and belief, counter-defendant Dorothy Narvaez
9  Woods is also an individual residing in California.  Mr. and Ms. Woods identify themselves as the
10 owners and operators of the business Far East Rock, Inc., located at 992 Palm Avenue, Imperial
11 Beach, San Diego, California.

12     3.    On information and belief, Far East Rock, Inc. is a business operating in California.

13     4.    DIRECTV does not presently know the true names and capacities of the
14 COUNTER-DEFENDANTS sued herein as ROES 1 through 10 and therefore sues those
15 COUNTER-DEFENDANTS by fictitious names pursuant to Federal Rule of Civil Procedure 19.
16 DIRECTV will amend this counterclaim to allege the true identities of ROES 1 through 10 once
17 they have been ascertained.  DIRECTV is informed and believes that each of the COUNTER-
18 DEFENDANTS sued as ROES 1 through 10 is in some manner responsible for the occurrences,
19 injuries and other damages alleged in this counterclaim.

20 **JURISDICTION AND VENUE**

21     5.    This lawsuit is brought pursuant to (1) the Cable Communications Policy Act of
22 1984, 647 U.S.C. §§521, et seq. (the "Act"), as an action for declaratory and injunctive relief and
23 damages for the improper receipt, transmission, and exhibition of satellite programming signals in
24 violation of the Act; and (2) the contract for residential Satellite Programming between
25 COUNTER-DEFENDANTS and DIRECTV, which was breached by COUNTER-
26 DEFENDANTS.  This Court has jurisdiction of the subject matter to this action under 28 U.S.C. §
27
28

-8-

DIRECTV'S AMENDED ANSWER AND COUNTERCLAIM

1331, pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

6. This Court has personal jurisdiction over the parties in this action. The COUNTER-DEFENDANTS to this action have independently transacted business in the State of California, and certain activities of the COUNTER-DEFENDANTS giving rise to this action took place in the State of California: more particularly, COUNTER-DEFENDANTS' acts of violating federal laws and DIRECTV, Inc.'s proprietary rights as distributor of the satellite programming transmission signals took place within the Southern District of California. Moreover, upon information and belief, COUNTER-DEFENDANTS have their principal place of business within the State of California; thus, this Court has personal jurisdiction over the COUNTER-DEFENDANTS.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 28 U.S.C. §84(c)(2) as a substantial part of the events or omissions giving rise to the claim occurred within San Diego County, which is within the Southern District of California. Venue is also proper because COUNTER-DEFENDANTS initiated the present action in this Court.

## **GENERAL ALLEGATIONS**

8. In order to prevent unauthorized entities and persons from viewing its Satellite Programming, DIRECTV encrypts its satellite transmissions. Upon payment of the appropriate subscription or license fees, and upon the acceptance by the subscriber of DIRECTV's terms and conditions, which are provided to the subscriber in DIRECTV's customer agreement (the "Customer Agreement"), DIRECTV authorizes and enables the subscriber to receive, unscramble and view the Satellite Programming.

9. DIRECTV provides services to homes based on residential rates and to commercial establishments under commercial rates. On or about December 2007, counter-defendant Tyron Snowden Woods ordered a residential account from DIRECTV. Upon information and belief, COUNTER-DEFENDANTS, wishing to use DIRECTV programming for their own commercial gain at the lower residential rates, gained access to DIRECTV programming without proper

1  authorization by subscribing to DIRECTV services under a residential account and requesting and
2  allowing the installation of satellite hardware at their business location and utilizing those services
3  in a commercial environment.

4      10.    To obtain DIRECTV Satellite Programming, COUNTER-DEFENDANTS accepted
5  DIRECTV's terms and conditions, as detailed in the Customer Agreement.  A copy of that
6  Customer Agreement was provided to COUNTER-DEFENDANTS along with their initial
7  DIRECTV invoice.  The Customer Agreement provides that DIRECTV "provide[s] Service only
8  for your private non-commercial use, enjoyment and home viewing.  The programming may not
9  be viewed in areas open to the public or in commercial establishments."  COUNTER-
10 DEFENDANTS accepted those terms and thereby represented to DIRECTV that their account
11 would be a residential account and that they would not display Satellite Programming in a
12 commercial establishment.

13     11.    On information and belief, COUNTER-DEFENDANTS willfully received and
14 displayed Satellite Programming to the public for commercial benefit or financial gain on at least
15 18 separate occasions; including, but not limited to, "Ultimate Fighting Championship 96: Jackson
16 v. Jardine," available through DIRECTV's pay-per-view service, which COUNTER-
17 DEFENDANTS received and displayed on March 7, 2009.  Such Satellite Programming was
18 displayed commercially without authorization from DIRECTV and in violation of the agreement
19 COUNTER-DEFENDANTS had entered with DIRECTV.

20     12.    COUNTER-DEFENDANTS, without entitlement, without prior permission or
21 authorization from DIRECTV and without having paid DIRECTV for the right to receive,
22 broadcast, use or display DIRECTV Satellite Programming in the commercial establishment
23 known as Far East Rock, have received, assisted in receiving, transmitted, assisted in transmitting,
24 divulged, published and displayed the content and substance of DIRECTV's Satellite
25 Programming at such COUNTER-DEFENDANTS' place of business, Far East Rock, on at least
26 18 separate occasions.  Without authorization, COUNTER-DEFENDANTS displayed and/or
27 published such Satellite Programming to their customers and others in violation of several federal
28

statutes, (including 18 U.S.C. §§ 2511 and 47 U.S.C. § 605) and the laws of the State of California.  Moreover, COUNTER-DEFENDANTS' acts were unauthorized, willful, and for purposes of direct or indirect commercial advantage or private financial gain.

13. DIRECTV has been damaged by COUNTER-DEFENDANTS in that (a) DIRECTV has been denied subscription fees for commercial use of its Satellite Programming; (b) DIRECTV's sales have been reduced through COUNTER-DEFENDANTS' unfair competition with DIRECTV's authorized customers; and (c) DIRECTV's proprietary rights in the Satellite Programming have been impaired.  In addition, COUNTER-DEFENDANTS profited and gained commercial advantage from the unauthorized and willful use of DIRECTV's Satellite Programming.

14. DIRECTV has been required to retain attorneys to prevent COUNTER-DEFENDANTS' wrongful acts and to prosecute this action.  Due to COUNTER-DEFENDANTS' statutory violations, DIRECTV is entitled to recover the reasonable attorneys' fees and expenses incurred in prosecution of this action under federal law.

## COUNT 1

(Damages for Violations of Cable Communications Policy Act)

[47 U.S.C. § 605(e)(3(C)]

15. DIRECTV repeats and incorporates herein by reference the preceding paragraphs as if fully set forth.

16. DIRECTV alleges on information and belief, that COUNTER-DEFENDANTS effected unauthorized interception and receipt of Satellite Programming by ordering pay-per-view or closed-circuit programming for residential use and subsequently displaying the programming in a commercial establishment for commercial gain without authorization, or by such other means which are unknown to DIRECTV and known only to COUNTER-DEFENDANTS, on at least 18 separate occasions.  On information and belief, COUNTER-DEFENDANTS displayed Satellite

Programming at their commercial establishment continuously during the commercial establishment's operating hours.

17. Each of the COUNTER-DEFENDANTS' acts violates federal law. COUNTER-DEFENDANTS illegally and without authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized interception, reception or exhibition of Satellite Programming transmitted by DIRECTV. Moreover, COUNTER-DEFENDANTS divulged or published the existence, contents, substance, purpose, effect or meaning of such satellite communications. Further, COUNTER-DEFENDANTS used such communications for their own benefit or for the benefit of others who were not entitled to such communications. Each of these acts is a practice prohibited by 47 U.S.C. § 605(a).

18. DIRECTV has been aggrieved by the COUNTER-DEFENDANTS' violation of 47 U.S.C. § 605 and is authorized to institute this action against the COUNTER-DEFENDANTS pursuant to 47 U.S.C. § 605(e)(3)(A).

19. COUNTER-DEFENDANTS' violations of 47 U.S.C. § 605 have injured DIRECTV's ability to maximize the revenues which it seeks to derive from the Satellite Programming, as DIRECTV has been deprived of the benefit of commercial revenues for the Satellite Programming displayed. As a further result of such violations, DIRECTV's goodwill and reputation have been usurped by COUNTER-DEFENDANTS while COUNTER-DEFENDANTS gained and will continue to gain unjust profits and undeserved goodwill. DIRECTV is entitled to costs, reasonable attorneys' fees, actual damages suffered, and profits obtained by COUNTER-DEFENDANTS attributable to their illegal conduct.

20. Alternatively, DIRECTV is entitled to statutory damages in an amount not less than $1,000 or more than $10,000 for each violation of 47 U.S.C. § 605(a).

21. DIRECTV will further show that COUNTER-DEFENDANTS conduct in violation of 47 U.S.C. § 605(a) was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain. Due to COUNTER-DEFENDANTS' willful conduct, DIRECTV is entitled to statutory damages in an amount not less than $10,000 and up to $100,000 for each willful violation of 47 U.S.C. § 605(a).

## COUNT 2

(Damages for Violations of 18 U.S.C. § 2511)

22. DIRECTV repeats and incorporates herein by reference the preceding paragraphs as if fully set forth.

23. For further cause of action, DIRECTV alleges that COUNTER-DEFENDANTS intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV on at least 18 separate occasions. In addition, on information and belief, COUNTER-DEFENDANTS displayed Satellite Programming at their commercial establishment continuously during the commercial establishment's operating hours. COUNTER-DEFENDANTS further disclosed or endeavored to disclose to others the contents of electronic communications, knowing or having a reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. § 2511. COUNTER-DEFENDANTS further intentionally used or endeavored to use the contents of electronic communications, knowing or having reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. § 2511.

24. DIRECTV is an entity whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C. § 2520.

25. Due to COUNTER-DEFENDANTS' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. § 2520, to the greater of the sum of the (1) actual damages suffered by DIRECTV and the profits made by the COUNTER-DEFENDANTS as a result of their conduct, or (2) statutory damages in the amount of the greater of $10,000 or $100 per day for each day COUNTER-DEFENDANTS acted in violation of 18 U.S.C. § 2511.

26.     As a further result of such violations, DIRECTV is entitled to costs, reasonable attorneys' fees, actual damages suffered, and profits obtained by COUNTER-DEFENDANTS attributable to their illegal conduct.  In addition, given COUNTER-DEFENDANTS' willful conduct, DIRECTV is entitled to collect punitive damages.

## COUNT 3

(Breach of Contract)

27.     DIRECTV repeats and incorporates herein by reference the preceding paragraphs as if fully set forth.

28.     To obtain DIRECTV Satellite Programming, COUNTER-DEFENDANTS accepted DIRECTV's terms and conditions, as detailed in the Customer Agreement.  The Customer Agreement was a valid and binding contract.  A copy of that Customer Agreement was provided to COUNTER-DEFENDANTS along with their initial DIRECTV invoice.  In addition, the Customer Agreement is made available to all DIRECTV customers at all times on DIRECTV's Internet website.

29.     The Customer Agreement provides that DIRECTV "provide[s] Service only for your private non-commercial use, enjoyment and home viewing.  The programming may not be viewed in areas open to the public or in commercial establishments." COUNTER-DEFENDANTS accepted those terms and thereby represented to DIRECTV that their account would be a residential account and that they would not display Satellite Programming in a commercial establishment.

30.     COUNTER-DEFENDANTS breached the Customer Agreement by displaying DIRECTV's Satellite Programming in Far East Rock, a commercial establishment.

31.     DIRECTV performed all of its obligations under the Customer Agreement, or, if DIRECTV did not perform, that nonperformance was excused by COUNTER-DEFENDANTS' breach.

32.     Due to COUNTER-DEFENDANTS' breach of the Customer Agreement, DIRECTV has been damaged ln an amount to proven at trial.

-14-
DIRECTV'S AMENDED ANSWER AND COUNTERCLAIM

## COUNT 4

(Civil Conversion)

33. DIRECTV repeats and incorporates herein by reference the preceding paragraphs as if fully set forth.

34. By virtue of the conduct set forth above, COUNTER-DEFENDANTS have unlawfully converted DIRECTV's property for their own commercial use and benefit.

35. Such conversion was done intentionally and wrongfully by COUNTER-DEFENDANTS to deprive DIRECTV of its proprietary interests and for COUNTER-DEFENDANTS' direct commercial benefit and advantage.

36. Due to COUNTER-DEFENDANTS' wrongful conversion of DIRECTV's Satellite Programming, DIRECTV suffered damages to be proven at trial.

## COUNT 5

(Injunctive Relief)

37. DIRECTV repeats and incorporates herein by reference the preceding paragraphs as if fully set forth.

38. DIRECTV further alleges that unless restrained by this Court, the COUNTER-DEFENDANTS will continue to receive, intercept, transmit, and exhibit the Satellite Programming, illegally and without authorization, in violation of 47 U.S.C. §605 and 18 U.S.C. §2511. The COUNTER-DEFENDANTS intercepted and publicly exhibited the Satellite Programming without authorization on at least one occasion and DIRECTV cannot practicably detect or determine each occasion on which COUNTER-DEFENDANTS have intercepted and publicly exhibited the Satellite Programming.

39. The violations of 47 U.S.C. §605 and 18 U.S.C. §2511 set forth above have caused and will continue to cause DIRECTV irreparable harm.

40. DIRECTV cannot practicably determine the lost revenues resulting from the COUNTER-DEFENDANTS' unlawful conduct. In addition to diminishing DIRECTV's revenues, the COUNTER-DEFENDANTS' unlawful conduct injures DIRECTV's reputation and

goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming, thereby impairing DIRECTV's ability to enhance its future growth and profitability.

41. DIRECTV has no adequate remedy at law to redress the violations set forth above.

## **PRAYER**

WHEREFORE, third-party defendant and counterclaimant, DIRECTV, Inc., prays that this Court enter judgment in its favor and against COUNTER-DEFENDANTS and:

1. Declare that COUNTER-DEFENDANTS' unauthorized interception, reception, and public commercial exhibition of DIRECTV's electronic communications, or its assistance in the performance of such unauthorized actions, was in violation of 18 U.S.C. §2511 and 47 U.S.C. §605, and that such violations were committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

2. In accordance with 18 U.S.C. §2520(b)(l) and 47 U.S.C. §605(e)(3)(B)(I), enjoin COUNTER-DEFENDANTS, its owners, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them from (1) interfering with DIRECTV's proprietary rights, (ii) intercepting, receiving, divulging, or displaying DIRECTV Satellite Programming without prior written consent of DIRECTV; and (iii) any further violations;

3. Award DIRECTV statutory damages in the amount of the greater of $10,000 or $100 per day for each day COUNTER-DEFENDANTS violated 18 U.S.C. §2511, or alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the COUNTER-DEFENDANTS' violations of 18 U.S.C. §2511;

4. Award DIRECTV statutory damages in the amount of $10,000 for each violation of 47 U.S.C. §605, plus an additional $100,000 for each violation pursuant to 47 U.S.C. §605(e)(3)(C)(ii); alternatively, DIRECTV requests judgment for actual damages, plus

1. damages equal to any profits attributable to the COUNTER-DEFENDANTS' violations of 47 U.S.C. §605;
5. Award DIRECTV damages it suffered as a result of COUNTER-DEFENDANTS' breach of the Customer Agreement and Conversion, as such damages are established at trial.
6. That the Court award DIRECTV punitive damages; and
7. That this Court award DIRECTV its costs, including reasonable attorneys' fees, prejudgment interest and post-judgment interest, and such other relief to which DIRECTV may be entitled.

DATED: July 8, 2010

BAKER MARQUART
CRONE & HAWXHURST LLP

\s\ Ryan G. Baker_____
Ryan G. Baker
Attorneys for Third-Party Defendant and
Counterclaimant DIRECTV, Inc.

-17-
DIRECTV'S AMENDED ANSWER AND COUNTERCLAIM

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 10990 Wilshire Blvd., Suite 400, Los Angeles, California 90024.

On July 8, 2010, I caused a true copy of the foregoing document described as

**THIRD-PARTY DEFENDANT AND COUNTERCLAIMANT DIRECTV, INC.'S AMENDED ANSWER AND COUNTERCLAIM**

to be served on the parties to this action as follows:

<u>Electronic Service through the Court's Electronic Case Files (ECF) system</u>

The following counsel currently receive email notices for this case through the ECF system:

**Matthew A. Paré, Esq.**
**LAW OFFICE OF MATTHEW PARE**
**180 Otay Lakes Road, Suite 201A**
**San Diego, California 91902**
**Email: mattparelawca@gmail.com**

**Thomas P. Riley**
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
**First Library Square**
**1114 Fremont Avenue**
**South Pasadena, CA 91030-3227**
**Email: tprlaw@att.net**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 8, 2010, at Los Angeles, California.

/s/ Ryan G. Baker
Ryan G. Baker

PROOF OF SERVICE