Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Joe Hand Promotions, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TYRON SNOWDEN WOODS and DOROTHY NARVAEZ WOODS a/k/a DOROTHY MAY NARVAEZ-WOODS, individually and d/b/a FAR EAST ROCK; and FAR EAST ROCK, INC., an unknown business entity d/b/a FAR EAST ROCK, <br><br> Defendants. | Case 3:10-cv-00481-BTM-BLM <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES <br><br> [filed concurrently with Plaintiff's Notice of Motion and Motion to Strike Defendants' Affirmative Defenses] <br><br> Date: Friday, September 17, 2010 <br> Time: 11:00 A.M. <br> Court: Courtroom 15 <br> Judge: Honorable Barry Ted Moskowitz |
| TYRON SNOWDEN WOODS and DOROTHY NARVAEZ WOODS, individually and d/b/a FAR EAST ROCK; and FAR EAST ROCK, INC., an unknown business entity d/b/a FAR EAST ROCK, <br><br> Third-Party Plaintiffs, <br><br> vs. <br><br> DIRECTV, INC., <br><br> Third-Party Defendant. | NO ORAL ARGUMENT UNLESS DIRECTED BY THE COURT |

| | |
|---|---|
| 1 | DIRECTV., INC., |
| 2 | Counterclaimant, |
| 3 | vs. |
| 4 | TYRON SNOWDEN WOODS, an individual, and DOROTHY NARVAEZ WOODS a/k/a DOROTHY MAY NARVAEZ-WOODS, an individual, individually and d/b/a FAR EAST ROCK; and FAR EAST ROCK, INC., an unknown business entity d/b/a FAR EAST ROCK; and ROES 1-10, |
| 5 | |
| 6 | |
| 7 | |
| 8 | Counter-Defendants. |

10  TO THE HONORABLE COURT, THE DEFENDANTS AND THEIR ATTORNEYS OF
11  RECORD:

12      Plaintiff hereby submits the following Memorandum of Points and Authorities in Support
13  of Plaintiff's Motion to Strike Defendants' Affirmative Defenses.  For the reasons set forth
14  herein, Plaintiff respectfully requests that its Motion be granted.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . 3

STATEMENT OF THE ISSUE . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . 3

ARGUMENT . . . . . . . . . . 4

I. DEFENDANTS FAIL TO SATISFY THE LEGAL STANDARD NECESSARY TO SUSTAIN ANY AFFIRMATIVE DEFENSE, THEREFORE, ALL OF DEFENDANTS' AFFIRMATIVE DEFENSES MUST BE STRICKEN. . . . . . . 4

A. First Affirmative Defense (Statutes of Limitations). . . . . . 5

B. Second Affirmative Defense (No Claim). . . . . . 6

C. Third Affirmative Defense (Defendants Had A Proper License). . . . 6

D. Fourth Affirmative Defense (Defendants Paid For The Program). . . 7

E. Fifth Affirmative Defense (Failure To State A Cause Of Action). . . 7

F. Sixth Affirmative Defense (Unclean Hands). . . . . . 7

G. Seventh Affirmative Defense (Actual Or Proximate Cause). . . . 8

H. Eighth Affirmative Defense (Injury Caused By Acts Of Others). . . 8

I. Ninth Affirmative Defense (Right To Offset). . . . . . 8

J. Tenth Affirmative Defense (Waiver). . . . . . . 9

K. Eleventh Affirmative Defense (In Pari Delicto) . . . . . 10

L. Twelfth Affirmative Defense (Equitable Estoppel). . . . . 10

M. Thirteenth Affirmative Defense (Statute Of Frauds). . . . . 11

N. Fourteenth Affirmative Defense (Failure To Mitigate). . . . 11

O. Fifteenth Affirmative Defense (Comparative Fault). . . . . 12

P. Sixteenth Affirmative Defense (Reservation Of Defenses) . . . 12

Q. Seventeenth Affirmative Defense (Defendants Unaware). . . . 12

II.  PLAINTIFF IS ENTITLED TO SANCTIONS UNDER 28 U.S.C. § 1927 AS A RESULT OF THE ACTIONS OF DEFENDANTS IN FILING THEIR UNFOUNDED AFFIRMATIVE DEFENSES. . . . . 13

**CONCLUSION** . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**CASES**

Alaska Airlines v. Stephenson,
    217 F.2d 295 (9th Cir. 1954).. . . . . . . . . 11

Barlow v. U.S.,
    32 U.S. 404 (1833). . . . . . . . . . 13

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007). . . . . . . . . . 4, 7

B.K.B. v. Maui Police Dept.,
    276 F.3d 1091, 1107 (9th Cir. 2002) . . . . . . . . . 13

DirecTv, Inc. v. Webb,
    545 F.3d 837 (9th Cir. 2008).. . . . . . . . . . 5

DirecTv Inc., v. Weikel,
    2005 WL 1243378 (D.N.J. Mary 25, 2005). . . . . . . . . . 10

Federal Deposit Ins. Corp. v. Main Hurdman,
    655 F.Supp. 259 (E.D.Cal. 1987) . . . . . . . . 5, 6, 9

First Ascent Ventures Inc. v. DLC Dermacare LLC,
    312 Fed. Appx. 60 (9th Cir. 2009). . . . . . . . . . 8

Hynix Semiconductor Inc. v. Rambus Inc.,
    2007 WL 4062845 (N.D.Cal. Nov. 15, 2007) . . . . . . . . 11

In re Crown Vantage, Inc.,
    2003 WL 25257821 (N.D.Cal. Sept. 25, 2003) . . . . . . . . 10

Integra Lifesciences I, Ltd. v. Merck KgaA,
    2000 WL 35717874 (S.D.Cal. Feb. 3, 2000) . . . . . . . . . 5

Jones v. Community Redevelopment Agency,
    733 F.2d 646 (9th Cir. 1984).. . . . . . . . . . 4

Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.
    (2006) 144 Cal.App.4th 1175, 51 Cal.Rptr.3d 144 . . . . . . . . 9

Pepsico, Inc. v. J.K. Distributors, Inc.,
    2007 WL 2852647 (C.D.Cal. Sept. 14, 2007) . . . . . . . . passim

Pinter v. Dahl,
    486 U.S. 622, 632 (1988) . . . . . . . . 10

Security People, Inc. v. Classic Woodworking, LLC,
    2005 WL 645592 (N.D.Cal. March 4, 2005) . . . . . . 4, 11

Solis v. Couturier,
    2009 WL 2022343 (E.D.Cal., July 8, 2009) . . . . . . passim

Solis v. Zenith Capital, LLC,
    2009 WL 1324051 (N.D. Cal. May 8, 2009) . . . . . . 6, 12

Travelers Cas. And Sur. Co. of America v. Dunmore,
    2009 WL 1586936 (E.D.Cal. June 5, 2009) . . . . . . . 11

Wyshak v. City Nat'l Bank,
    607 F.2d 824 (9th Cir. 1979). . . . . . . . passim

**STATUTES AND RULES**

28 U.S.C. § 1927. . . . . . . . . . . 13

47 U.S.C. § 553. . . . . . . . . . passim

47 U.S.C. § 605. . . . . . . . . . passim

Fed. R. Civ. P. 8. . . . . . . . . . . 5

Fed. R. Civ. P. 12. . . . . . . . . . passim

Cal. Bus. & Prof. Code § 17200, et seq. . . . . . . . 5

Cal. Code Civ. Proc. § 338 . . . . . . . . . 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE ISSUE

Whether any or all of the four affirmative defenses contained in the Defendants' Answers in response to Plaintiff's Complaint must be stricken.

## STATEMENT OF FACTS

Plaintiff Joe Hand Promotions, Inc. (hereinafter "Plaintiff"), was granted the exclusive nationwide commercial distribution rights to *Ultimate Fighting Championship 96: Jackson v. Jardine,* telecast nationwide on Saturday, March 7, 2009 (hereinafter the "Program"). Complaint ¶ 11 (Docket No. 1). Plaintiff's distribution rights encompassed all undercard events as well as the main event. Id. Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. Id. at ¶ 12. Without the authorization of Plaintiff, Defendants TYRON SNOWDEN WOODS and DOROTHY NARVAEZ WOODS a/k/a DOROTHY MAY NARVAEZ-WOODS, individually and d/b/a FAR EAST ROCK; and FAR EAST ROCK, INC., an unknown business entity d/b/a FAR EAST ROCK (hereinafter "Defendants") , unlawfully intercepted and exhibited the Program at their commercial establishment in Imperial Beach, California (located at 992 Palm Avenue, Imperial Beach, California 91932). Id. at ¶ 14. As a result of these violations, Plaintiff brought causes of action against Defendants for violations of 42 U.S.C. § 553, et seq. and 42 U.S.C. § 605, et seq. as well as causes of action for violations of California law. See id.

On May 26, 2010, Defendants filed an Answer denying the allegations raised by Plaintiff in its Complaint. See Answer (hereinafter "Answer") (Docket No. 7); along with the Answer, Defendants also set forth four Affirmative Defenses. See id. Plaintiff now brings this Motion to Strike Defendants' Affirmative Defenses.

## ARGUMENT

I. DEFENDANTS FAIL TO SATISFY THE LEGAL STANDARD NECESSARY TO SUSTAIN ANY AFFIRMATIVE DEFENSE, THEREFORE, ALL OF DEFENDANTS' AFFIRMATIVE DEFENSES MUST BE STRICKEN.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As discussed herein, each of the four affirmative defenses set forth by Defendants are insufficient and thus should be stricken.

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1). The Federal Rules of Civil Procedure require, "a 'showing', rather than a blanket assertion, of entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, n. 3 (2007). "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." Pepsico, Inc. v. J.K. Distributors, Inc., 2007 WL 2852647, *2 (C.D.Cal. Sept. 14, 2007) citing Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984). An affirmative defense is also insufficient if it does not provide the plaintiff with "fair notice" of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). While an "extensive exposition of the underlying facts" is not necessary for an affirmative defense to succeed, the Defendants must establish some connection between the defense and the case. See Security People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, *2 (N.D.Cal. March 4, 2005). Finally, "[w]ith respect to substantive insufficiency, a motion to strike an affirmative defense is proper when the defense is insufficient as a matter of law." Id. at *3.

In this case, all but the third, fourth and fourth of Defendants' four affirmative defenses are nothing but a boilerplate recitation, devoid of facts and circumstances that link them to the instant case. See Answer at 3-6. For this reason alone, these affirmative defenses should be stricken as procedurally deficient. See Pepsico, Inc., 2007 WL 2852647 at *2 ("a legal conclusion or theory without supporting facts linking that theory to the case at bar "*will not*

*withstand a motion to strike*") (emphasis added); Wyshak, 607 F.2d at 827. Notwithstanding this general deficiency, Plaintiff will address the particular affirmative defenses below.

Next, several affirmative defenses should be stricken because they are not "affirmative defenses" at all. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Federal Deposit Ins. Corp. v. Main Hurdman, 655 F.Supp. 259, 262 (E.D.Cal. 1987), citing Gomez v. Toledo, 446 U.S. 635, 640-41 (1980); see also Integra Lifesciences I, Ltd. v. Merck KgaA, 2000 WL 35717874, *3 (S.D.Cal. Feb. 3, 2000) (An affirmative defense is, "A response to a plaintiff's claim which attacks the plaintiff's legal right to bring an action, as opposed to attacking the truth of claim . . . ."). In this regard, affirmative defenses 3, 4, 7, 8, 9 are immaterial and redundant, and should be stricken (as discussed below, affirmative defense number 2 also may be immaterial). See Solis v. Couturier, 2009 WL 2022343, *3 (E.D.Cal., July 8, 2009) (this defense is merely a restatement of [Defendants'] denial of liability, or an assertion that the [plaintiff] cannot prove the elements of their claim. Therefore, [it] should be stricken.").

A.  First Affirmative Defense (Statute Of Limitations).

Defendants contend that each of Plaintiff's claims is barred by the applicable statute of limitations. Answer at 3. The statute of limitations for 47 U.S.C. §§ 553 and 605 claims is one year. DirecTv, Inc. v. Webb, 545 F.3d 837, 847-48 (9th Cir. 2008). The statute of limitations for conversion is three years. Cal. Code Civ. Proc. § 338(c). The statute of limitations for a section 17200 claim is four years. Cal. Bus. & Prof. Code § 17208. As noted in the Statement of Facts, supra, the Program was broadcast on March 7, 2009. Plaintiff filed its Complaint on March 4, 2010, see Complaint, which is within each applicable statute of limitations. Under no set of circumstances can Defendants' affirmative defense of the statute of limitations succeed, and therefore it must be stricken. See Wyshak, 607 F.2d at 827 (allowing "statute of limitations" defense to stand when Defendant cited to particular statute of limitations); Solis v. Zenith Capital, LLC, 2009 WL 1324051, *2 (N.D. Cal. May 8, 2009).

In addition, as noted in Pepsico, Inc., 2007 WL 2852647 at *2 , a legal conclusion or

theory without supporting facts linking that theory to the case at bar "*will not withstand a motion to strike*" (emphasis added). Defendants' first affirmative defense makes no effort to provide supporting facts linking the defense to any of the causes of action in Plaintiff's Complaint.[1] Therefore, for both substantive and procedural reasons, Defendants' first affirmative defense should be stricken.

B.  Second Affirmative Defense (No Claim).

In their second affirmative defense, Defendants state that, "As a matter of fact and law, plaintiff has no claim against the defendants." Answer at 3. This affirmative defense is so vague that it is impossible for Plaintiff to formulate an appropriate response. As such, it is insufficient in that it does not provide Plaintiff with "fair notice" of the defense. Wyshak, 607 F.2d at 827. To the extent Defendants intent is to argue that the Complaint fails to state a claim, this is addressed in subsection E, infra. Finally, as a practical better, this defense is best construed as a denial of liability and, thus, is not an affirmative defense to begin with. See Solis v. Couturier, 2009 WL 2022343 at *3.

C.  Third Affirmative Defense (Defendants Had A Proper License).

Defendants' third affirmative defense is that, "Defendants obtained what they believed was a proper license to display the subject program." Answer at 3. Defendants' Third Affirmative Defense is not an "affirmative defense," but rather a denial of liability. An affirmative defense provides Defendants relief even if the allegations of the Plaintiff are true. Federal Deposit Ins. Corp., 655 F.Supp. at 262. Plaintiff's Complaint affirmatively states that the broadcast of the Program was not permitted, Complaint at ¶ 12; this defense, even if true, does nothing but deny that allegation. As a result, this affirmative defense should be stricken. See Solis v. Couturier, 2009 WL 2022343 at *3.

---

[1] In fact, every one of the four affirmative defenses propounded by Defendants fails this test. None offer any factual basis linking the defense to the instant case. Plaintiff incorporates this argument with respect to each of the four individual affirmative defenses.

1  D.     Fourth Affirmative Defense (Defendants Paid For The Program).

2         Defendants' fourth Affirmative defense is that, "Defendants paid for the right to display
3  the subject program." Answer at 3. For the reasons set forth in subparagraph C, supra, this
4  affirmative defense should be stricken.

5  E.     Fifth Affirmative Defense (Failure To State A Cause Of Action).

6         In their fifth affirmative defense, Defendant states that the Complaint "as a whole, and
7  each of the purposed causes of action thereof fail to set forth facts sufficient to constitute any
8  Cause of Action against these answering defendants." Answer at 3. Plaintiff's Complaint
9  clearly states facts sufficient to constitute causes of action against the Defendants, and
10 Defendants are incorrect in asserting otherwise.

11        Rule 8 of the Federal Rules of Civil Procedure "contemplates the statement of
12 circumstances, occurrences, and events in support of the claim presented and does not authorize
13 a pleader's bare averment that he wants relief and is entitled to it." Bell Atlantic Corp. v.
14 Twombly, 550 U.S. 544, 555 (fn. 3) (internal citations/quotations omitted). To that end,
15 Plaintiff's Complaint specifically references the applicable statutes, along with detailing
16 Defendants' violations thereof, which is clearly in keeping with Twombly. See Complaint at 3-5
17 (¶¶ 10-19) (details how Defendants violated Title 47 U.S.C. § 605); Complaint at 5-6 (¶¶ 20-24)
18 (details how Defendants violated Title 47 U.S.C. § 553); Complaint at 6-7 (¶¶ 25-28) (details
19 Defendants' act of Conversion); Complaint at 7-8 (¶¶ 29-38) (details Defendants' violations of
20 section 17200 of the California Business and Professions Code).

21        With requisite specificity, Plaintiff has spelled out the applicable laws and Defendants'
22 particular violations thereof. As a result, Plaintiff's Complaint adequately states facts sufficient
23 to constitute all causes of action, and Defendants cannot assert the affirmative defense of
24 Plaintiff's failure to set forth facts sufficient to constitute a cause of action.

25 F.     Sixth Affirmative Defense (Unclean Hands).

26        Defendants state that ". . . plaintiff's conduct constitutes unclean hands and therefore bars
27 the granting of relief to plaintiff herein." Answer at 4. "The doctrine of unclean hands closes
28 the doors of a court of equity to one tainted with inequitableness or bad faith relative to the

matter in which he seeks relief." <u>First Ascent Ventures Inc. v. DLC Dermacare LLC</u>, 312 Fed. Appx. 60, 61 (9th Cir. 2009) (internal citations/quotations omitted). "In order to apply the doctrine of unclean hands, the equity court must determine, based on its review of the facts, that the plaintiff's conduct was inequitable or unconscionable, and that the plaintiff's conduct related to the very activity that is the basis of his claim." <u>Id.</u> (internal citations/quotations omitted).

In this case, Defendants offer no facts to support the assertion that Plaintiff has unclean hands. As a result, Defendants have not provided Plaintiff with fair notice of the defense. See <u>Wyshak</u>, 607 F.2d at 827. Moreover, any such assertion is far-fetched as it would necessarily imply that Plaintiff assisted in the unlawful dissemination of its own Program. Because Defendant has not and cannot offer this Court any facts to suggest that Plaintiff acted with unclean hands in relation to the activity that is the basis of Defendant's claim, this affirmative defense should be stricken.

G.   <u>Seventh Affirmative Defense (Actual Or Proximate Cause)</u>.

Defendants' seventh affirmative defense is that their actions were not the actual or proximate cause of Plaintiff's injuries. <u>Answer</u> at 4. This is not an affirmative defense but merely a denial of an element of Plaintiff's causes of action, and therefore it should be stricken. See <u>Solis</u>, 2009 WL 2022343 at *3.

H.   <u>Eighth Affirmative Defense (Injury Caused By Acts Of Others)</u>.

Defendants' eighth affirmative defense is that, "any alleged injury suffered by plaintiff was solely caused by the acts of others, and is the result of causes that are independent of these answering defendants' alleged conduct." <u>Answer</u> at 4. This is not an affirmative defense, but a denial of liability on behalf of these defendants, and therefore it should be stricken. See <u>Solis v. Couturier</u>, 2009 WL 2022343 at *3

I.   <u>Ninth Affirmative Defense (Right To Offset)</u>.

In their ninth affirmative defense, "defendants alleged that they have suffered damage by reason of plaintiff's conduct [and] that they have the right of offset if any amount of money is owed to defendants or due defendants by way of damage." <u>Answer</u> at 4. Defendants have given no indication as to what damage they may have suffered, any conduct of Plaintiff that would give

rise to such damage, or to how much money Defendants may be entitled. As a result, Defendants have not provided Plaintiff with fair notice of the defense. See Wyshak, 607 F.2d at 827.

To the extent that this Court is inclined to consider this affirmative defenses as a counterclaim, it is specifically denied by Plaintiff and Plaintiff would request that this Court direct Defendants to file any counterclaims as required under the Federal Rules of Civil Procedure such that Plaintiff may formulate an appropriate response.

J.    Tenth Affirmative Defense (Waiver).

Defendant's tenth affirmative defense is that, "plaintiff was engaged in conduct that constitutes a waiver of plaintiff's rights." Answer at 4. This affirmative defense is deficient in that it does not provide Plaintiff with fair notice of the defense. See Wyshak 607 F.2d at 827. Defendant does not indicate what conduct constitutes a waiver. Moreover, this defense has no practical application herein.

> Waiver is the intentional relinquishment of a known right after full knowledge of the facts and depends upon the intention of one party only . . . . Thus, the *pivotal* issue in a claim of waiver is the intention of the party who allegedly relinquished the known legal right.

Oakland Raiders v. Oakland-Alameda County Coliseum, Inc., 144 Cal.App.4th 1175, 1189-90 (2006) (internal citations/quotations omitted). There has been no allegation by Defendants that Plaintiff was aware that Defendants intended to intercept the Program, therefore, it would have been impossible for Plaintiff to have the "full knowledge" necessary to support a waiver defense. Defendants have provided no information whatsoever in support of their contention that Plaintiff was aware of Defendants' intentions to broadcast Plaintiff's Program. Without this prerequisite, it cannot be seriously argued that Plaintiff acquiesced in Defendants' conduct.

Finally, an affirmative defense presumes that the allegations are true. Federal Deposit Ins. Corp., 655 F.Supp. at 262. Plaintiff alleges that it had the exclusive rights to broadcast the Program and to sublicense it to commercial establishments. Complaint at ¶¶ 9, 10. There is no conceivable way to interpret the Complaint as allowing for a waiver, and thus this defense should be stricken.

1 (E.D.Cal., July 8, 2009) (this defense is merely a restatement of [defendant's] denial of liability,
2 or an assertion that the [plaintiff] cannot prove the elements of her claim. Therefore, [it] should
3 be stricken.").

4 K.    Eleventh Affirmative Defense (In Pari Delicto).

5         Defendants' eleventh affirmative defense is that "each and every Cause of Action in the
6 Complaint [is] barred because plaintiff has engaged in acts and courses of conduct which
7 rendered plaintiff in pari delicto. Answer at 4. Defendants have given no indication as to what
8 acts or conduct render Plaintiff in pari delicto. As a result, Defendants have not provided Plaintiff
9 with fair notice of the defense. See Wyshak, 607 F.2d at 827.

10        "The doctrine of in pari delicto bars a participant in an unlawful act from recovering
11 damages from another participant in the unlawful act." In re Crown Vantage, Inc., 2003 WL
12 25257821, *6 (N.D.Cal. Sept. 25, 2003). As a practical matter, this is a reiteration of the
13 "unclean hands" defense. As noted by the United States Supreme Court:

14        Traditionally, the [defense of in pari delicto] was limited to situations where the
           plaintiff bore at least substantially equal responsibility for his injury, and where
15         the parties' culpability arose out of the same illegal act. Contemporary courts have
           expanded the defense's application to situations more closely analogous to those
16         encompassed by the unclean hands doctrine, where the plaintiff has participated in
           some of the same sort of wrong-doing as the defendant.
17

18 Pinter v. Dahl, 486 U.S. 622, 632 (1988) (internal quotations and citations omitted). For the reasons
19 set forth in subsection F, supra, therefore, this affirmative defense must be stricken.

20 L.    Twelfth Affirmative Defense (Equitable Estoppel).

21        Defendants' twelfth affirmative defense is that Plaintiff's causes of action, "are barred by
22 reason of acts, omissions, representations, and courses of conduct by Plaintiff." Answer at 2. To
23 establish a defense of estoppel, "a party [here, Defendants] must show that the adverse party
24 [here, Plaintiff], either intentionally or under circumstances that induced reliance, engaged in
25 conduct upon which [the relying party] relied and that the relying party acted or changed [its]
26 position to [its] detriment." DirecTv Inc., v. Weikel, 2005 WL 1243378, *3 (D.N.J. Mary 25,
27 2005). Defendants have not alleged any "conduct" on behalf of the Plaintiff that in any way
28 induced a change in Defendants' position, or that any change in position induced by the Plaintiff

was to the Defendants' detriment. As such, this affirmative defense should be stricken as legally insufficient. Id.; see also Solis, 2009 WL 2022343 at *6 (Defendants did not allege any facts that would support an estoppel defense, but rather merely pleaded a legal conclusion).

M.   Thirteenth Affirmative Defense (Statute Of Frauds).

Defendants' thirteenth affirmative defense is that Plaintiff's Complaint is barred by the statute of frauds. Answer at 5. The statute of frauds governs when a contract between parties must be in writing. See e.g. Cal. Civ. Code § 1624. Plaintiff has not alleged a contract cause of action and Defendants have not alleged the existence of a contract between Plaintiff and Defendants. Indeed, there is no contract between the parties and it is the fact that Defendants *failed* to contract with Plaintiff that gives rise to these causes of action. See Complaint at ¶ 12. The statute of frauds defense fails as immaterial and impertinent, Fed. R. Civ. P. 12(f), and also fails as a matter of law. Security People, Inc., 2005 WL 645592 at *2-3.

N.   Fourteenth Affirmative Defense (Failure To Mitigate).

Defendants' fourteenth affirmative defense is that, "Plaintiff has failed to mitigate and lessen damages, if any it sustained . . . ." Answer at 5. This affirmative defense is insufficient on its face. Hynix Semiconductor Inc. v. Rambus Inc., 2007 WL 4062845, *10 (N.D.Cal. Nov. 15, 2007) (striking "bare bones pleading" that party "failed to mitigate [their] damages" because it did not provide fair notice).

Notwithstanding this procedural deficiency, this defense also fails as a matter of law. "Typically, the duty to mitigate arises when the injured party has an opportunity to prevent continuation or enhancement of the injury." Travelers Cas. And Sur. Co. of America v. Dunmore, 2009 WL 1586936, *7 (E.D.Cal. June 5, 2009). The burden of proof on this issue lies with the defendant. See generally Alaska Airlines v. Stephenson, 217 F.2d 295, 299 (9th Cir. 1954). Plaintiff cannot reasonably be expected to mitigate against Defendants' unlawful interception and distribution of the instant Program prior to the fact. Once Plaintiff became aware of Defendants' unlawful activity, Plaintiff timely responded with its Complaint. Furthermore, under Stephenson, Defendants have the burden of providing the Court with proof that Plaintiff could have and should have anticipated that Defendants would unlawfully

disseminate the Program and somehow stop Defendants from doing so. It is reasonable to assume that Defendants will not provide proof that they intended to break the law. Based on the foregoing, Defendants' fourteenth affirmative defense should be stricken.

O.  Fifteenth Affirmative Defense (Comparative Fault).

Defendants' fifteenth affirmative defense is a recitation of the doctrine of comparative fault. See Answer at 5. First, this affirmative defense is immaterial and impertinent as it is a negligence doctrine and Plaintiff has not raised any negligence claims. As such, it may be stricken because there is no set of facts under which this defense may be applicable herein. See Fed.R.Civ.P. 12(f); Solis v. Zenith Capital, LLC, 2009 WL 1324051, *2 (N.D. Cal. 2009) (holding that an affirmative defense may be stricken when "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."). As a result, Defendants' fifteenth affirmative defenses should be stricken.

P.  Sixteenth Affirmative Defense (Reservation Of Defenses).

Defendants' sixteenth affirmative defense is a reservation clause. Answer at 5. his is an inappropriate use of the pleading and should be stricken. As noted in Solis v. Zenith Capital, LLC, 2009 WL 1324051 at *7, "if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure [amended or supplemental pleadings]." Id. This applies equally to the reservation of the right to file claims against Plaintiff.

Q.  Seventeenth Affirmative Defense (Defendants Unaware).

Defendants' fourth affirmative defense is that the "were not aware and had no reason to believe that their acts constituted any violation of law." Answer at 6. In other words, Defendants raise "ignorance of the law" as a defense. It is well settled that ignorance of well settled law, even if couched in terms of good faith, is not a defense to liability.

> It is a common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally; and it results from the extreme difficulty of ascertaining what is, bona fide, the interpretation of the party; and the extreme danger of allowing such excuses to be set up for illegal acts, to the detriment of the public. There is scarcely any law, which does not admit of

some ingenious doubt; and there would be perpetual temptations to violations of the laws, if men were not put upon extreme vigilance to avoid them.

Barlow v. U.S., 32 U.S. 404, 433 (1833) (emphasis added). Moreover, with respect to the allegations under 47 U.S.C. §§ 605 and 553, these are strict liability crimes. See 47 U.S.C.A. § 553(c)(3)(C); 47 U.S.C.A. § 605(e)(3)(C)(iii) (allowing for reduction in damages when it is determined that violator was "not aware and had no reason to believe that his acts constituted a violation . . .").

II. **PLAINTIFF IS ENTITLED TO SANCTIONS UNDER 28 U.S.C. § 1927 AS A RESULT OF THE ACTIONS OF DEFENDANTS IN FILING THEIR UNFOUNDED AFFIRMATIVE DEFENSES.**

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir. 2002). As a result of Defendants unmeritorious filing of wholly inappropriate, immaterial and impertinent affirmative defenses, as described in detail above, this Court may and should assess sanctions herein.

## CONCLUSION

Defendants' Affirmative Defenses are factually and legally insufficient under the Federal Rules of Civil Procedure as well as applicable precedent. In that regard, each of Defendants' Affirmative Defenses should be stricken. Therefore, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Strike Defendants' Affirmative Defenses, sanction Defendants for their inappropriate conduct, and award such other relief as may be just and proper.

Respectfully submitted,

Dated: July 23, 2010

/s/ Thomas P. Riley
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Attorneys for Plaintiff
Joe Hand Promotions, Inc.

## PROOF OF SERVICE

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On July 23, 2010, I served:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

Matthew A. Pare, Esq.
LAW OFFICE OF MATTHEW PARE
180 Otay Lakes Road, Suite 210A
Bonita, CA 91902

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 23, 2010, at South Pasadena, California.

Dated: July 23, 2010

_M. Baird_
MARIA BAIRD