Matthew A. Paré, Esq., State Bar No.: 258434
**LAW OFFICE OF MATTHEW PARE**
333 H Street, Suite 5059
Chula Vista, CA 91910
Phone: (619) 869-4999
Fax: (619) 475-6296
e-mail: mattparelawca@gmail.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br>    as Plaintiff,<br><br>vs.<br><br>TYRON SNOWDEN WOODS AND DOROTHY NARVAEZ WOODS A/K/A DOROTHY MAY NARVAEZ-WOODS, INDIVIDUALLY and d/b/a FAR EAST ROCK; and FAR EAST ROCK, INC., an unknown business entity d/b/a FAR EAST ROCK,<br>    as Defendants.<br>    JURY TRIAL DEMANDED | Case No.: 10CV0481BTMBLM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** |
| TYRON SNOWDEN WOODS AND DOROTHY NARVAEZ WOODS, INDIVIDUALLY and d/b/a FAR EAST ROCK; and FAR EAST ROCK, INC.,<br>    as Third-Party Plaintiffs,<br>    JURY TRIAL DEMANDED<br>vs.<br><br>DIRECTV, INC.<br>    As Third-Party Defendant. | |
| DIRECTV, INC.<br>    as Counterclaimant,<br>vs.<br><br>TYRON SNOWDEN WOODS, an individual, and DOROTHY NARVAEZ WOODS A/K/A DOROTHY MAY NAVAREZ-WOODS, an individual, INDIVIDUALLY and d/b/a FAR EAST ROCK; FAR EAST ROCK, INC., an unknown business entity d/b/a FAR EAST ROCK; and ROES 1-10<br>    as Counter-defendants | Date: Friday, September 17, 2010<br>Time: 11:00 a.m.<br>Court: Courtroom 15<br>Judge: Honorable Barry Ted Moskowitz |

Defendants Tyron Snowden Woods and Dorothy Narvaez Woods a/k/a Dorothy May Narvaez-Woods, individually and d/b/a Far East Rock, and Far East Rock, Inc. (collectively referred to as "defendants" herein), respectfully submit this opposition to the motion to strike defendants' affirmative defenses filed by plaintiff Joe Hand Promotions, Inc.

## I.

## INTRODUCTION

Rather than attempt to engage in a meaningful effort to resolve this case short of a trial, plaintiff has filed a needless motion to strike all of defendants' affirmative defenses. It is a clear that this is a complete waste of everyone's time, and most importantly the court's time and resources. As will be detailed below, the law regarding motions to strike makes clear that such motions are strongly disfavored, and defendant's responsive pleading is appropriate. Indeed, it is common practice at the early stage of litigation to liberally include affirmative defenses in an answer so as to ensure that a possible defense is not inadvertently waived. Given that the case is in the early pleading stage, defendants appropriately included these subject affirmative defenses.

Even if plaintiff were to establish that defendants are not likely to be successful (or cannot be successful) on some of the affirmative defenses, this Court still should not strike them from the pleadings because plaintiff has suffered absolutely no prejudice as a result of the affirmative defenses being included. In other words, it makes no practical difference to the plaintiff that these affirmative defenses are included in defendants' answer, and thus the Court should not exercise its discretion to strike the affirmative defenses.

## II.

## MOTIONS TO STRIKE ARE GENERALLY DISFAVORED

Motions to strike are regarded with disfavor because they are often used merely as a delay tactic, and because of the policy favoring resolution on the merits. *Stanbury Law Firm v. I.R.S.* (8th Cir. 2000) 221 F.3d 1059, 1063; *RDF Media Ltd. v. Fox Broadcasting Co.* (CD CA 2005) 372 F.Supp.2d 556, 566; *Bureerong v. Uvawas* (CD CA 1996) 922 F.Supp. 1450 1478; Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL [9:375] (The

Rutter Group 2010). In fact, this preeminent practice guide goes on to state as follows:

> Reflecting this "disfavor," most motions to strike are denied. Even motions that are technically correct (e.g. challenging an "insufficient" defense or "redundant" allegations) may be denied unless you can show the pleadings under attack are somehow *prejudicial* to your client. While courts differ on whether prejudice is a required element of the motion, a motion to strike is usually a waste of time and money without such showing! *Id.* at [9:376].

As with motions to dismiss for failure to state a claim, when ruling upon a motion to strike, the court must view the pleading under attack in the light more favorable to the pleader. *Lazar v. Trans Union LLC* (CD CA 2000) 195 FRD 665, 669; *Multimedia Patent Trust v. Microsoft Corp.* (SD CA 2007) 525 F.Supp.2d 1200, 1207.

Several courts have stated that motions to strike should not be granted unless the moving party clearly establishes that the defense or language at issue has no possible relationship to the controversy and is plainly prejudicial. See, *Davis v. Ruby Foods, Inc.* (7th Cir. 2001) 269 F.3d 818 821 – advising counsel *not* to move to strike unless extraneous matter is "actually prejudicial"; *Toucheque v. Price Bros. Co.* (D MD 1998) 5 F.Supp.2d 341, 350; *Lirtzman v. Spiegel, Inc.* (ND IL 1980) 493 F.Supp. 1029, 1031. Even those cases that do not explicitly require prejudice to be shown require that in order to grant the motion to strike it must actually make the trial less complicated or streamline the ultimate resolution of the action, and it is within the trial court's sound discretion. *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524, 1528.

III.

**PLAINTIFF MUST MEET A HIGH STANDARD TO PREVAIL ON A MOTION TO STRIKE AN "INSUFFICIENT DEFENSE"**

In order for a plaintiff to prevail on a motion to strike an "insufficient defense," the plaintiff must show that (1) there is no issue of fact that might allow the defense to succeed, (2) there is no substantial question of law, and (3) plaintiff would be *prejudiced* by inclusion of the defense. *E.E.O.C. v. Bay Ridge Toyota, Inc.* (ED NY 2004) 327 F. Supp. 167, 170; See also,

Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL [9:377] (The Rutter Group 2010.)

Before a motion to strike can be granted, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that *under no set of circumstances* could the defense succeed." *Systems Corp. v. AT & T* (SD NY 1973) 60 FRD 692, 694 (emphasis added); See also, *SEC v. Sands* (CD CA 1995) 902 F.Supp. 1149, 1165. Again, motions to strike are very rarely granted, and where there is any doubt as to the relevance of the challenged allegations (or affirmative defenses), courts err on the side of permitting the allegations to stand, particularly where the moving party shows no prejudice therefrom. *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.* (MD FL 1989) 719 F.Supp. 1072, 1073.

In this case, plaintiff has not established any prejudice whatsoever that it would suffer due to the subject affirmative defenses being included in the pleadings. Accordingly, there is simply no reason to strike the affirmative defenses. Additionally, plaintiff has also not met the burden of establishing that under no set of circumstances could the defenses be successful. Therefore, this Court should not strike defendants' affirmative defenses.

## IV.
## IF THIS COURT IS INCLINED TO GRANT PLAINTIFF'S MOTION, IN WHOLE OR IN PART, DEFENDANTS SHOULD BE GRANTED LEAVE TO AMEND

Defendants strenuously maintain that plaintiff's motion should be denied completely, but in the event that the Court is inclined to rule in plaintiff's favor, defendants should be granted leave to amend the answer. In one case, for example, where the affirmative defenses of waiver, estoppel and unclean hands were stricken because those doctrines were alleged as conclusions without any factual basis the defendant was granted leave to amend. *Qarbon.com Inc. v. eHelp Corp.* (ND CA 2004) 315 F.Supp.2d 1046, 1049-1050. Indeed, leave to amend is usually granted after a Rule 12 motion to dismiss or to strike, and the court normally specifies when the amended pleading is due, such as 30 days. Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL [8:1463] (The Rutter Group 2010.)

The most efficient way to progress through this case would be to deny plaintiff's motion in its entirety and move on with the discovery phase of this case, or conducting settlement conferences. However, if plaintiff's motion to strike is granted, defendants respectfully request that leave be granted so as to allow defendants to plead additional facts, providing greater specificity in the affirmative defenses so as to demonstrate their application to this particular case.

## V.
## PLAINTIFF'S REQUEST FOR SANCTINS IS NOT APPROPRIATE

The imposition of sanctions under 28 U.S.C. §1927 is highly unusual and requires a clear showing of bad faith. *West Virginia v. Chas. Pfizer & Co.* (1971 CA2 NY) 440 F.2d 1079, 1971. There must be a finding of willful bad faith on the part of the offending attorney. *Baker Industries, Inc. v. Cerberus, Ltd.* (1985 CA3 NJ) 764 F.2d 204.

If either side is engaged in vexatious tactics here, it is clear that it is plaintiff. Rather than make a meaningful attempt to resolve this case through settlement, or even resolve litigation-related issues through any type of meet-and-confer effort before filing a motion, plaintiff has filed this instant motion. In doing so, plaintiff's counsel has needlessly increased the cost of litigation for all parties, and increased the burden on the court. It is obvious that the plaintiff's attorney is needlessly increasing the attorney's fees in this case by filing unnecessary motions because of the statutory award of attorney's fees in plaintiff's favor under 47 U.S.C. §553 and 605. These tactics are reprehensible.

While defendants' counsel is very tempted to reciprocally request that sanctions be imposed upon plaintiff's counsel pursuant to this same section, in an effort to raise the level of dialogue and promote civility in this case generally, defendants merely request that no sanctions be issued.

## VI.
## CONCLUSION

Defendants' answer liberally included affirmative defenses so as to not waive possible defenses. This is common practice in litigation. Now, rather than engaging in discovery or

1  meaningful settlement negotiations plaintiff's counsel has brought this needless motion to strike
2  the affirmative defenses. He has done so in a transparent attempt to increase the attorney's fees
3  incurred in this matter. This Honorable Court should not exercise its discretion to strike
4  Defendants' affirmative defenses because plaintiff has suffered absolutely no prejudice as a result
5  of the defenses being included in the operative pleadings.
6      Respectfully submitted.
7  DATED: August 4, 2010                                    LAW OFFICE OF MATTHEW PARE

                                                                                                 By:   /s/ Matthew A. Paré
                                                                                                            Matthew A. Paré, Esquire
                                                                                                             Counsel for Defendants

1  Matthew A. Paré, Esq., State Bar No.: 258434
   **LAW OFFICE OF MATTHEW PARE**
2  333 H Street, Suite 5059
   Chula Vista, CA 91910
3  Phone: (619) 869-4999
   Fax: (619) 475-6296
4  e-mail: mattparelawca@gmail.com

5
## CERTIFICATE OF SERVICE
6

7       I hereby certify that on August 4, 2010, I electronically filed the foregoing with the Clerk of

8  the Court using the ECF System which sent notification of such filing to the following:

9  Thomas P. Riley, Esq., State Bar No.: 194706
   **LAW OFFICES OF THOMAS P. RILEY, P.C.**
10 First Library Square
   1114 Fremont Avenue
11 South Pasadena, CA 91030-3227
   Phone: (626) 799-9797
12 Fax: (626) 799-9795
   e-mail: TPRLAW@att.net
13

14 Matthew A. Paré, Esq., State Bar No.: 258434
   **LAW OFFICE OF MATTHEW PARE**
15 180 Otay Lakes Road, Suite 210A
   Bonita, CA 91902
16 Phone: (619) 475-6677
   Fax: (619) 475-6296
17 e-mail: mattparelawca@gmail.com

18

19 Ryan G. Baker, Esq., State Bar No.: 214036
   **BAKER MARQUART CRONE & HAWXHURST LLP**
20 10990 Wilshire Blvd., Fourth Floor
   Los Angeles, CA 90024
21 Phone: (424) 652-7800
   Fax: (424) 652-7850
22 e-mail: rbaker@bmchlaw.com

23                                    By:    /s/ Matthew A. Paré
                                             _____
24                                           Matthew A. Paré, Esquire

25

26

27

*Opposition to Motion to Strike Affirmative Defenses*                                    7